Hendricks *against* B. C. & A. Judah.

THIS was an action of *assumpsit* on a promissory note, given by the defendants in *England*, to one *M. G. Waage*, resident there, for £223 sterling, dated 28th *September*, 1803, payable to his order, on demand. The note was indorsed to one *Thomas Holmes*, and by him to the plaintiff. The defendants pleaded the general issue, and gave notice, under the statute, that the note, at the commencement of the suit, was the property of *Waage*, who was largely indebted to the defendants, which debt they intended to set-off, and further, that the note was not indorsed by *Waage*, until after it became due, &c.

The cause was tried at the *New-York Sittings*, the 18th *April*, 1806, before Mr. Justice SPENCER. The defendants read in evidence the deposition of *Holmes*, who deposed, that he received the note of *Waage*, to collect the same, for the account of a Mr. *Jacob Deleon*, of *Charleston*, to whose credit the money, when received, was to be passed. *Holmes* transmitted the note to the plaintiff, to collect of the defendants. The defendants offered further evidence, to show that the note really belonged to *Waage*, but this was overruled by the court, because, the deposition of *Holmes* asserted the note to be the property of *Deleon*, and not of *Waage*, and the defendants must show that the note was indorsed to the plaintiff after it became due, before they could go into any evidence of a set-off.

The jury found a verdict for the plaintiffs. The defendants' counsel now moved to set aside the verdict for the misdirection of the judge.

*Evertson*, for defendants. The evidence offered by the defendants, to show that *Holmes* was used merely as a cover for *Waage's* interest in the note, and in order to let in the proof of a set-off, was proper, and ought not to have been overruled. Though the evidence was not strong and conclusive, still there was enough, when taken in connection with other circumstances, to raise a presumption of the fact, and it

In an action by an *indorser* of a promissory note against the *maker*, the latter will not be allowed to prove a *set-off* against the original *payee*, unless he previously show, that the note was transferred after it became due, or for the purpose of defrauding the maker of his set-off.

<div style="margin-left">

NEW-YORK,
May, 1806.

The People
v.
R. B. Curling.

</div>

should have been left to the jury. The objection, as to the assertion in the deposition of *Holmes*, that the note belonged to *Deleon*, was not sufficient to arrest the other evidence, and prevent its going to the jury. However slight the evidence might have been, it might have had some weight with the jury, and if it was sufficient to have raised a doubt in their minds, the defendants might insist that it should be submitted to their deliberation. The judge might, if he had thought proper, have charged the jury that the evidence was slight, or entitled to no weight ; still, like every other matter of fact, it ought to have been left to their consideration.

*A. Bleecker*, contra, was stopped by the court.

*Per curiam.* By the testimony of the defendants, it appears that the note had been *bona fide* transferred to a third person, to whom it belonged, and the suit is brought by the trustee of such third person. The note was payable on demand, and the suit brought within a year, so that it must have been transferred within that time. It may have been indorsed soon after its date, and as the transaction was in *England*, we may intend that to be the case, as no evidence to the contrary has been offered. The judge, therefore, was right in rejecting the proof offered by the defendants, as to a *set-off* against the demand of the original *payee*, until it had been proved that the note had been transferred for a fraudulent purpose, or at a *later period* at least, than was to be presumed from the facts which appeared.

<div style="text-align: right">Rule refused.</div>