The opinion of the Court was delivered at this term, by
Parker, C. J.
The defendant in this action is charged as indorser of a promissory note, made payable to him or order, by Rcdfield, Beers, on demand, dated the 31st of January, 1814, and indorsed to the plaintiff on the same day. A demand upon the maker, and notice to the indorser upon non-payment, are averred in the declaration. By the facts reported it appears, that no demand was made upon the promissors, until the 23d of September following, which was nearly eight months after the date of the note. The jury were instructed, that, to charge the indorser of a promissory note payable on demand, proof of a demand within a reasonable time after the indorsement, and immediate notice to the indorser of nonpayment, are requisite ; and the jury were left to decide, whether, under the circumstances of this case, the demand was made within a reasonable time. They returned a verdict for the defendant, upon the ground that the delay in calling upon the makers of the note was unreasonable.
The charge to the jury is objected to by the counsel for the plaintiff; who contend, that a demand, at any time after making the note, with seasonable notice to the * indorser, provided the statute of limitations does not oppose the recovery, will be sufficient to hold the indorser ; or, at least, that, •under the special circumstances proved in this case, the defendant is liable, although upon common principles the delay of the demand might have discharged him.
It is remarkable, that the law, relating to so familiar a species of written contract as a promissory note of hand payable on demand, should at this late period be doubtful. But it is certain, that no decisions have taken place, in England or in this country, upon the points brought into question in the present action. It is also known, that opinions of respectable lawyers, and others among us, differ widely respecting the character and legal qualities of this contract; and that, in consequence, different practices have prevailed respecting them in different parts of the State. In the metropolis, the common opinion among merchants seems to have been, that a negotiable note of hand payable on demand, and indorsed, is a security for money, and, like a joint and several note, may lie in the hand-i of the indorsee *113 for an indefinite time ; provided, when he shall demand payment, and is refused, he give seasonable notice of the refusal to the indorser. On the other hand, in some parts of the country, it has been understood, that the same strictness is applicable to contracts of this kind as to notes payable on a day certain ; so that, as they are by law due immediately after they are signed, they must be demanded on the same day they are given, if indorsed on that day ; or immediately after the indorsement, in other cases, if the holder can conveniently make such demand.
In this state of uncertainty, it is highly necessary that the rule of law should be made known ; for contracts of this kind are in daily use in all parts of the State, and the rights and duties of parties, who may hold or be liable upon them, ought to be precisely ascertained, if possible.
The nature of the contract must be inquired into for this purpose. Between the promissor and promissee there *is no difficulty. The note is evidence of a debt or promise, and will remain obligatory upon the party signing it, until lawfully discharged ; unless by the statute of limitations the other party is prevented from recovering. When it is indorsed, a new party is introduced, and new Qualities are attached to it. ■ It then not only resembles an inland bill of exchange, but becomes one in fact, as to the terms on which the indorser, who may be considered the drawer, may be rendered liable. The indorser, holding written evidence of a promise by another to pay him a sum of money, which by law is assignable, by ordering the contents to be paid to a third person, virtually requests his debtor to pay the debt, of which the paper is the evidence, to that person. He has thus drawn a bill on his debtor, and the debtor is the drawee or payer of the bill; and the bill must be considered as accepted when drawn. This analogy, suggested by Lord Mansfield, has for many years been recognized ; and the rules respecting bills of exchange have, therefore, been applied to negotiable notes actually indorsed. The analogy, however, is not perfect ; for in a bill of exchange, until presentment and acceptance, there are but two parties, namely, the drawer and the payee ; whereas in indorsed notes of hand, there are three parlies instantly upon the indorsement, which is to be considered the drawing ; and the rule, with respect to demand of payment, must adapt "tself to this difference of character.
It is said by the compilers of the law on the subject of bills and notes, that a promissory note payable on demand is like a bill pa) able at sight; so that, as in the latter case the holder must present his bill for acceptance within a reasonable time, in order to charge the drawer ; so in the former, the indorsee must make demand of payment on the promissor within a reasonable time, in order to charge *114 the indorser. And we are of opinion, that this is the correct doctrine on the subject. For as, on the one hand, it can hardly be supposed, that the indorser and indorsee, when they make their contract, contemplate a * liability on the indorser, unless reasonable pains should be taken to procure payment of the actual debtor ; so, on the other, we do not think it enters into their calculations, that, as between them, the note should be considered due when drawn, in such manner as to require, in all cases, a demand, the instant, or the same day, it may have been indorsed.
As it respects the promissor himself, he is answerable immediately to the promissee or indorsee ; and he may be sued the instant.he has given his signature, even without a previous demand. But the condition, on which the indorser is liable, is, that payment shall be demanded within a reasonable time, and the earliest notice possible given of refusal. This time may, therefore, vary, according to the circumstances and situation of the parties, to be determined by the jury, under the direction of the Court. It is impossible to fix any precise period ; each case depending upon its own circumstances, as in the case of a bill payable at sight, which must be presented to the drawee as soon as can conveniently be done, taking into view all the circumstances of the holder and the drawee.
There is a difference then in the law, in relation to a note payable on demand, and one payable at a day certain. The former, although due on the day when it is signed, need not, of necessity, in all cases, if immediately indorsed, be demanded on that day. The latter must be demanded on the day it becomes due, without regard to circumstances, in order to charge the indorser ; unless indorsed after it becomes due, or perhaps so soon before the day of payment, that it would be impossible for the indorser to make the demand seasonably ; in which latter case a reasonable time must be allowed to make the demand upon the promissor.
So we think, that he who takes-, for a valuable consideration, a note of hand negotiable, within a day or two after it is signed, would not be subject to the claims of the promissor in nature of set-off, on the principle that the * note was over due when indorsed ; because the maker gives a credit to the note for a reasonable time after it is signed ; and, if he should pay it immediately after, leaving the note assignable in the hands of the promissee, without any indorsement thereon, he would perhaps be holden to pay it again to the indorsee ; for he would be considered as promising to pay the contents to any assignee who should within a reasonable time make demand of payment.
Whether any evidence of an understanding between the indorser and indorsee, that a note made and indorsed at the same time, as a security for a debt or to raise money, should lie without a demand *115 according to the rule of law, would be admissible to enlarge the liability of the indorser, we have not occasion to determine in the present case. There are cases, however, where the indorser has been held, by certain acts, or by express declarations, to waive his right to insist upon a strict compliance with the rules. Such evidence would not tend to change, or even explain, the contract; but would proceed upon an admission of its legal effect, avoiding that effect by-proof of something like a new contract of the parties.
To apply the principles now stated to the case before us. The plaintiff was bound, by the tenor of his engagement with the defendant, to make demand of payment of the note within a reasonable time from the day of its execution ; as it was on the same day indorsed. He made no demand for.eight months, although all the parties lived in the same town, and were in habits of business together. Was this demand made in a reasonable time ? The jury have said, No, and they were perfectly justified in returning that answer ; and there is no doubt, that a much shorter time would have been sufficient to produce the same result.
It has been suggested, however, that there is evidence in the case of a waiver, on the part of the defendant, of any advantage resulting from the negligence on the part of the plaintiff; or at least of an enlargement of the time within which the demand ought to be made. The fact relied upon * for this is, that, when the defendant was called upon to indorse the note, he was informed by Redfield & Beers, that the note was not to be called for immediately.
This certainly does not amount to a waiver, either express or implied ; for it does not appear, that the defendant assented to any delay, he making no answer to this information. And indeed, if this evidence is to have any effect, it could not be more than to postpone the necessity of a demand for a reasonable time; of which the jury had full opportunity to judge.

Judgment according to the verdict.