JUNE CIRCUIT, 1824.

CORAM EDWARDS, J.

GOOD *against* ARROWSMITH.

A promissory note, payable on demand, is not presented in reasonable time, so as to charge the indorsers, when such presentment is made sixteen months after date.

The holder saying to the indorser, at the time of making the note, "I look to you for payment," will not relieve him from the necessity of demand and notice.

ASSUMPSIT on a promissory note, made by Hedden, in favor of Woods, and indorsed by him and by the defendant. The note was payable on demand, and in the declaration a demand was averred to have been made of the maker, and notice of non-payment given to the defendant sixteen months after the date.

The plaintiff proved the following facts: that Hedden, being indebted to Woods, gave him the promissory note declared on; that Woods requiring security, the defendant indorsed it as such security, after which Woods passed it away to the plaintiff. He also proved, that when the defendant indorsed the note, Woods said to him, "I look to you for payment," and on this testimony the plaintiff rested his case.

*Anthon*, for the defendant, contended that the plaintiff had produced no evidence of a demand of payment of the

19

maker, and notice of non-payment to the indorser. That the words, "I look to you for payment," at the time of indorsement, could not supply the place of a demand and notice.

*King*, contra.

EDWARDS, J.   There is no evidence of demand of payment of the maker, and notice of his failure to pay to the defendant.   The words proved, express the views of every person taking security for a demand, by indorsement or otherwise.

The plaintiff then proved a demand of payment, sixteen months after the date of the note, and due notice to the defendant at that time.

*Anthon* then moved a non-suit, on the ground that the defendant was discharged as indorser by the plaintiff's unreasonable delay in presenting the note for payment, and cited *Sice et al.* v. *M'Cormick*, 1 Cow. 397; *Martin* v. *Winslow*, 2 Mason, 241.

*King*, contra, insisted that the *laches* in this case was excused on account of the peculiar circumstances attending the indorsement, which had been given for the express purpose of procuring indulgence to the maker of the note.

*Anthon*, in reply, cited *Field* v. *Nickerson*, 13 Mass. 131.

EDWARDS, J.   The circumstances of this case do not excuse the plaintiff's neglect; they are in nowise special.   In all cases where a note is payable on demand, and an in-

Good v. Arrowsmith.

dorser is taken, the object is indulgence to the maker. I cannot distinguish this case from *Sice* v. *McCormick*.(1)

Plaintiff non-suited.

(1) This subject is very fully discussed, by the counsel and the court, in the case of *Sice* v. *M'Cormick*, 1 Cow. 397. In that case there was, in effect, a loan of money for a year, within which time a larger sum was to be loaned, and a bond and mortgage taken for both. In about five months after this arrangement, the maker became insolvent, and the place was abandoned. The note was payable on demand, and indorsed by defendant. It was presented to the maker for payment, five months after its date, and on failure to pay, on account of such, his insolvency, notice was given to the defendant. The court held, that five months was an unreasonable delay, where all the parties resided in the same city; and, also, that the fact, that the note was given for money lent, and payable on demand with interest, did not take the case out of the rule; and, also, that where all the facts were ascertained, reasonable time was a question for the court.

The court, in deciding this case, was much influenced by the case of *Field* v. *Nickerson*, (13 Mass. 131,) in which the notes were also payable on demand with interest, and where the court held that a demand and notice, eight months after date, all the parties living in the same city, was not in reasonable time. The remarks of the court, and of the respective counsel engaged in this case, are entitled to great respect, and seem to cover the whole field. This was fully proved to be a case of loan, all the circumstances attending which were fully known to the indorser. The charge of the judge, at the trial, seems to have been made with a view to bring the matter most fully before the court; they were directed, that the particular circumstances under which the note was made and indorsed, had no bearing on the case; that the indorsement of a note payable on demand, with interest, like the indorsement of a note payable at a day certain, was a conditional contract on the part of the indorser; that the condition on which the indorser agreed to be responsible for such a note was, that the holder should make a demand on the maker within a reasonable time, and should give notice of non-payment; that, if the demand was not made within reasonable time, the indorser was discharged.

The judge also directed the jury that what was reasonable time, was a matter of law. That a delay of eight months was unreasonable, unless accounted for on legal principle. The jury, under this direction, having found for the defendant, the case came up for review before the whole court. The

Good v. Arrowsmith.

plaintiff's counsel took the popular view of the question, and contended that notes of this description were a common assurance for debts in this country, and that, therefore, an effect ought to be given to them according to the intendment of the parties, which was, that the indorser puts himself in the place of a surety, and is equally liable with the promissor, whose liability again is limited only by the statute, subject to an intermediate demand at any time within that period, at the will of the maker, from which time the parties assume the same relation to each other as parties to a note payable at a day certain.

The counsel, for the defendant, contended for the strict rule of law, growing out of the contract, as a promissory note, that the demand must be made in reasonable time, and notice given to the indorser; and that reasonable time was a question of law.

The court said it was remarkable that the law, relating to so familiar a species of written contract as a promissory note payable on demand, should at this late period, (1816,) be doubtful. That it is certain that no decisions have taken place in England, or in this country, upon the points brought into question in the present action. It is also known that the opinions of respectable lawyers differ widely respecting the character and legal qualities of the contract; that, in the metropolis, (Boston,) it was the common opinion, among merchants, that it is a security for money, and may lie in the hands of the indorsee for an indefinite time, provided, when he shall demand payment and is refused, he give reasonable notice of the refusal to the indorser. On the other hand, in some parts of the country, it has been understood that the same strictness is applicable to contracts of this kind, as to notes payable on a day certain; so that, as they are, by law, due immediately after they are signed, they must be demanded on the same day, and notice given to the indorser.

The final opinion of the court was, that such notes are like bills payable at sight, and that the indorsee is bound to make demand in reasonable time, in order to charge the indorser; but, that it does not enter into the calculation of the parties that the note is to be considered as due when drawn, in such a manner as to require, in all cases, a demand the instant, or the same day, it may have been indorsed; it must be demanded, however, in reasonable time, which may vary according to the circumstances and situation of the parties, to be determined by the jury under the direction of the court. It is impossible to fix any precise time; each case depending upon its own circumstances: as in the case of a bill payable at sight, which must be presented as soon as can conveniently be done, taking into view all the circumstances of the holder and the drawer. How far an understanding between the parties, that the note was made and indorsed as security for a debt, and

Good v. Arrowsmith.

was to lie without demand, would be admissible, to control the case and en-
large the liability of the indorser, the court declined to decide.

In 1829, this question came before the superior court of the city of New
York, and it was then held that the rule, requiring a presentment within
reasonable time, was intended for, and is applicable to negotiable instruments
made for commercial purposes only, and was not intended for cases of sure-
tyship, or notes like the one in question in that case, which was a note pay-
able on demand, for value received, with interest from the date, without de-
falcation or default. That such a note was evidently excluded from the rule
by the peculiar circumstances attending it, which were its peculiar form, the
fact that the holder was an old man, residing at some distance from the city,
that a payment of one year's interest was indorsed on the note, &c., and, un-
der all the circumstances of the case, which the court received in evidence,
a demand and notice, nineteen months after the date, was within reasonable
time. *Vreeland* v. *Hyde*, 2 Hall, 420.

I am not aware of any case, either here or in England, introducing any
satisfactory or decisive rule on this subject, and I presume this must neces-
sarily proceed from the character of the paper, and the varied objects of those
who use it. It is invariably a security, accompanied by an intention to in-
dulge at the will of the holder, and any act of the court, introducing any
stubborn rule on the subject, would be destructive to the instrument as a
security.

In Massachusetts, a statute has been passed, in the year 1839, by which it
is expressly enacted, that no presentment to the promissor, and demand on
him for payment of a note payable on demand, shall be deemed to be within
reasonable time, so as to charge the indorser, unless made on or before the
last of the sixty days from the date of the note, without grace. In this way
the matter may be regulated, and the habits of the people properly moulded
to a fixed rule of action; but, still, it is obvious that the use of the instru-
ment, as a security with indulgence, is essentially limited. Another way re-
mains, which may be preferable by making a demand and giving notice im-
mediately after making the instrument, in which event the obligations of
maker and indorser would be governed by the statute of limitations, which
would, in general, suffice for all the indulgence contemplated by such an as-
surance.