## SAMUEL D. COLT et al. versus PARKER BARNARD.

In the case of a note indorsed after it has become due, the indorser is not liable
unless payment be demanded of the maker, and notice of the non-payment given
to the indorser ; and as such a note has become payable on demand, the demand
on the maker must be made within a reasonable time, and immediate notice of
non-payment given to the indorser.

ASSUMPSIT.   The action was tried before *Morton* J.

The plaintiffs offered in evidence a promissory note signed
by one Chester Colt, dated in March 1829, for the sum of
$75, payable to the defendant or his order on June 1st, 1829,
and indorsed by the defendant.

It was subsequently admitted, that this note was indorsed by
the defendant to the plaintiffs, on the 21st of August, 1829,
some time after it had become due ; but it did not appear by
direct testimony, that any demand of payment had been made
on the maker, or that any notice of non-payment had been
given to the defendant.

The plaintiffs proved, that at the time when this note was
indorsed, the maker was insolvent and had absconded, leaving
his family in Pittsfield, where they continued to reside till
some time in the autumn of 1829, when he sent for them and
removed them into the State of New York ; and that about
the middle of November, 1829, the note was sent to the State
of New York for collection, and that a judgment was there
recovered against the maker, but it had not been satisfied.

Sept. 23d.     *Gold*, for the plaintiffs, to the point, that if a note is in
dorsed after it has become due, and the indorser knows that
the maker is insolvent and has absconded, notice of the non-
payment of the note may be dispensed with, cited Big. Dig.
641 ; *Widgery* v. *Munroe*, 6 Mass. R. 449 ; *Putnam* v. *Sul-
livan*, 4 Mass. R. 45 ; *Hale* v. *Burr*, 12 Mass. R. 86 ;
*Crossen* v. *Hutchinson*, 9 Mass. R. 205 ; *Shaw* v. *Reed*, 12

Pick. 132 ; 2 Stark on Evid. (Am. edit.) 262, note ; *Duncan* v. *M'Cullough*, 4 Serg. & R. 480 ; *City Bank* v. *Cutter*, 3 Pick. 414.

*Hubbard* and *Lanckton*, for the defendant, to the point, that a demand and notice of non-payment were indispensable, although the note was indorsed after it had become due, cited *Course* v. *Shackleford*, 2 Nott & M'Cord, 283 ; *Poole* v. *Tolleson*, 1 M'Cord, 199 ; *Stockman* v. *Riley*, 2 M'Cord, 398 ; *Berry* v. *Robinson*, 9 Johns. R. 121 ; *Dwight* v. *Emerson*, 2 New Hamp. R. 159 ; *Bishop* v. *Dexter*, 2 Connect. R. 419 ; *M'Kinney* v. *Crawford*, 8 Serg. & R. 351 ; *Bond* v. *Farnham*, 5 Mass. R. 170 ; *Crossen* v. *Hutchinson*, 9 Mass. R. 205 ; *Sandford* v. *Dillaway*, 10 Mass. R. 52 ; *Farnum* v. *Fowle*, 12 Mass. R. 89 ; *Woodbridge* v. *Brigham*, 13 Mass. R. 559.

SHAW C. J. delivered the opinion of the Court. It is now conceded, that this note was indorsed by the defendant to the plaintiff, some time after it became due, and the question is, whether the action can be maintained against the indorser, without a demand on the promisor and notice of non-payment to the indorser. The Court are of opinion, that the action cannot be maintained, without such demand and notice.

If the indorser is liable at all, on such indorsement, it is in virtue of the law merchant, which creates a conditional liability to pay, if the maker on presentment shall neglect or refuse to pay, and seasonable notice of such dishonor is given to the indorser. It is very clear, that a promissory note is negotiable after it falls due, as well as before. Each indorsement is in the nature of a new draft, by which the holder orders the maker to pay the contents to the indorsee. It is an implied stipulation with the indorsee, that the money is still due and payable, that the indorser is entitled to so much money, in the hands of the maker, and if the indorsee will call upon the maker he shall receive it. It is like drawing a bill at sight, on which a drawer or indorser cannot be holden without presentment and notice of non-payment. All the reasons, which require a demand and notice, in any case, to charge the indorser, apply to this. There is the same reason for prompt notice,

namely, that the indorser may take measures to secure pay ment, if the note is dishonored on presentment.

This precise point, though not decided in this State, has been so decided in other States, by very respectable courts, and upon satisfactory reasons, from analogous cases. *Course v. Shackleford*, 2 Nott & M'Cord, 283 ; *Poole v. Tolleson*, 1 M'Cord, 199 ; *Berry v. Robinson*, 9 Johns. R. 121 ; *M'Kinney v. Crawford*, 8 Serg. & R. 358 ; *Bishop v. Dexter*, 2 Connect. R. 419. If it be asked, at what time payment of the note shall be demanded, the day originally named for payment having passed, the answer is obvious. As between maker and promisee, a note is payable on demand, at any time after it becomes due. When it is indorsed after due, it is in legal effect a note on demand, and is to be so understood by the parties, as if written " on demand.", In that case, the law is well settled, the demand must be made within reasonable time, and if not paid, immediate notice of nonpayment must be given to the indorser. *Field v. Nickerson*, 13 Mass. R. 131.

No notice having been given to the indorser in the present case, although the note was indorsed after it became due, the action cannot be maintained.