## BURNHAM *vs.* WOOD.

In a suit, by the endorsee of a note against the maker, where the defence set up is that the note was endorsed after it was discredited, and is therefore liable to any defence existing before the assignment, the burthen of proof, as to the time of the endorsment, rests upon the maker of the note.

The ordinary presumption is that the note was endorsed within a reasonable time of the date of the note, unless the contrary is proved; and this presumption is the same, whether the note is specially declared on, or is offered in evidence under a general count for money had and received.

Where a witness annexed to his deposition a copy of an account for articles charged on the books of a corporation which was without the State, and where the corporation had no interest in the suit, *held* that the evidence, though secondary, was admissible, as the books were beyond the control of the court and the witness.

ASSUMPSIT. The declaration contained a count upon a promissory note made payable to the firm of M. & N. Burnham, or order, and endorsed; also a count for money had and received.

Upon the trial, the plaintiff offered in evidence the note described in the declaration, and under the count for money had and received, two other notes, one payable to said M. & N. Burnham, or order, and one payable to one Benjamin George, or order, both of which were endorsed.

The signature and endorsement of the notes were not denied, but the defendent contended that the plaintiff was bound to show that the endorsement was made before the commencement of the suit, and that the notes could not be received in evidence without testimony to that fact,---which objection was overruled.

Upon the trial, the action being on review, the plaintiff offered in evidence the deposition of Archelaus Rea, which was taken and used in the former trial, and came up in the copies of the case. The deposition contained a copy of

charges made on account, against the defendant, on the books of the Iron Factory Company in Salem, Massachusetts.

The defendant objected to the reading of so much of said deposition as relates to said account, without the production of the books—but the court overruled the objection.

Prior to the trial, the plaintiff, in order to obtain a continuance of the case, offered an affidavit, stating the absence of said Rea, with an affidavit of said Rea to show what he expected him to testify. And the defendant, to prevent a continuance of said cause, consented to admit on the trial that Rea would testify as stated in his affidavit.

Upon offering it in evidence on the trial, by the plaintiff, the defendant objected to reading so much of it as related to the books of the said Salem Iron Company, without the production of those books; and contended, that by agreeing to admit the affidavit, he had not waived any right to object to the competency of the matter contained in it. The court overruled the objection.

It appeared that said Rea resided in Salem, Massachusetts.

The jury having returned a verdict for the plaintiff, the defendant moved for a new trial, on account of the admission of said notes, and of the testimony of said Rea, as aforesaid.

*French*, for the plaintiff.

*Pillsbury*, for the defendant.

Upham, J. The first objection taken in this case is, that it is incumbent on the plaintiff to show that the notes filed under the general count for money had and received, were endorsed to the plaintiff prior to the commencement of the suit.

The objection seems to have been relied on principally on account of the general nature of the declaration, and for the reason that the notes were not declared on in the common form, with the allegation of their endorsement on the day of their date.

Where the note has been declared on in this manner in a suit by the endorsee, the production of the note has always been holden to be *prima facie* evidence to sustain the general allegation of an endorsement at or near the time of making the note.

In 5 *Mass.* 324, *Webster* vs. *Lee*, it was holden by Chief Justice Parsons, that the burthen of proof as to the time of the endorsement of a note was upon the maker, and that if the maker of a note set up a payment to the promisee in his defence, he must prove the payment to have been made *before* the endorsement, otherwise his defence would fail.

In the case of *Hendricks* vs. *Judah*, 1 *Johns.* 319, the same doctrine is holden. In that case, in an action by an endorsee of a promissory note against the maker, the maker was not allowed to prove a set-off against the original payee, unless he *previously* shew that the note was endorsed *after it became due*, or that the endorsement, though made before, was made for the purpose of defrauding the maker of his set-off. And the case goes still further, and not only shews the burthen of proof, as to the time of the endorsement, to rest upon the maker of the note, but establishes the rule as to the ordinary presumption of the time of endorsement. The note there in suit was drawn in England, payable on demand, and suit was brought upon it here within a year after its date ; and the court held that " it was to be intended, " no evidence to the contrary being shown, that it was en- " dorsed *soon after its date*, and a set-off by the maker " against the payee was rejected."

The presumption, in such cases, is that the note was endorsed within a reasonable time after its date, unless the contrary is proved. *Bayley on Bills* 86.

Had the note in this case been declared on, these authorities would have been directly in point. But does it make any difference, in the rule of evidence, whether the note itself is declared on, or is merely offered as evidence under the general count ?

It is well settled that an endorsed note may be offered in support of a count for money had and received against the maker of a note. The negotiable note is not only holden as *prima facie* evidence of money had and received by the maker, of the payee, but "also of an agreement on the part of the maker to hold the money for the use of any one to whom the note may be legally transferred." *Tenney* vs. *Sanborn*, 5 *N. H.* 557. See also 4 *Pick.* 421, *Wild* vs. *Fisher;* 15 *Mass.* 331, *Bordman* vs. *Gore;* 12 *Johns.* 90, *Pierce* vs. *Crafts;* 12 *Mass.* 172, *State Bank* vs. *Hurd;* *Bayley on Bills* 244 ; 1 *Mason* 306, *Weston* vs. *Penniman.* In such a declaration the same evidence is offered as where the note is specially declared upon. The signature and endorsement must be proved, and when once proved the evidence must have the same legal effect in each instance. There can be no reason why it should prove less in the one case than in the other. The same intendment of law must arise that the note was endorsed at or near the time of its date, unless the contrary be shown. The evidence, therefore, in this case was sufficient for this purpose.

The second objection taken by the defendant relates to the admissibility of a deposition used on a former trial, to which deposition no objection was then made. It has uniformly been considered that in such case all objections as to matter of form are waived ; and where a deposition contains secondary evidence, and no objection was taken on this account on the first trial, it is contended that there is a propriety in adopting the same rule. It is unnecessary to determine how this may be.

By the case it appears that the books which were referred to by the witness, and which it was insisted upon should be produced as the best testimony, were books of a corporation without the state, beyond the process of the court, and not subject to the control of the witness. The testimony, therefore, was the best of which the nature of the case admitted, and comes within the exception to the general rule.

These remarks apply to the affidavit admitted by agreement of parties, which was open to the same exception which was made to the deposition. The agreement was, that this affidavit should be admitted as testimony; but on trial it was said not to be the best testimony. This exception, however, should have been taken at the time the agreement was made to admit it. The several exceptions taken are, therefore, overruled, and there must be

*Judgment on the verdict for the plaintiff.*