EDWARD SOUTHWICK *vs.* JOAB HAPGOOD & another.

A mortgage of personal property, to secure a note payable on demand, may be foreclosed according to *St.* 1843, *c.* 72, § 1, before any demand of payment; and parol evidence is not admissible to show that said mortgage note was given as collateral security, to indemnify the mortgagee against certain liabilities for the mortgagor, which had not matured when notice to foreclose was given.

TROVER to recover the value of certain property described in the writ.    The evidence tended to show that the articles in dispute were conveyed in a mortgage, given by Leander R. Hapgood to Nahum R. Hapgood, dated May 21, 1850, to secure the payment of a note for $625, on demand with interest, signed by said Leander R. Hapgood: And that this note and mortgage were held by said Nahum R. as collateral security, to indemnify him against his liability upon two certain notes, signed by said Leander R., payable to said Nahum R., and by him indorsed to Southwick, the plaintiff, and payable three months from May 22, 1850.    The evidence further tended to show that upon the 12th day of June following, said Nahum R. and the plaintiff made an arrangement, by which said two notes indorsed by said Nahum R. were given up to him, and the said note of $625 was indorsed to said Southwick, and the mortgage assigned to him, by said Nahum R.    Also, that before said notes became due, and notice of foreclosure was given, said two notes were delivered by said Nahum R. to said Leander R., but the evidence did not show

that said Leander R. ever assented to the transfer of said mortgage and note to the plaintiff.

The evidence also tended to show that on the third day of July, 1850, written notice was given to said Leander R. that said Southwick intended to foreclose said mortgage, for breach of the condition thereof, and said notice was duly recorded in the office of the clerk of the city of Worcester And there was evidence to show a sale of the mortgaged property by Leander R. to Joab Hapgood, one of the defendants, some time during July or August, 1850. On the 12th day of November, 1850, the property in dispute was taken by the defendants from the hands of Martin Wilder, in whose hands it was left, with the understanding that no charge should be made for storage while the property should remain there, and Mr. Wilder was not liable to pay rent for the same.

Upon the above facts, the presiding judge of the court of common pleas, *Merrick*, J. ruled that there was not sufficient evidence to show such a foreclosure for a breach of the condition, as would authorize the plaintiff to maintain this action against the mortgagor or any one claiming and holding his rights. The jury returned a verdict for the defendants, and the plaintiff excepted.

*H. Chapin*, for the plaintiff.

*E. Washburn*, for the defendants.

The plaintiff has the rights of mortgagee, the defendants those of mortgagor, and to hold possession till condition broken. No possession was ever taken, or demand made for the property by plaintiff. No act of destruction or injury to the property by the defendants. The condition of the mortgage could not be broken till 22d August; the case finds this fact, and it was competent to show it, even if objected to. 1 Greenl. Ev. § 284; *Lapham* v. *Whipple*, 8 Met. 59; *Felton* v. *Brooks*, 4 Cush. 203.

Notice of foreclosure on the 3d of July was of no effect. If the time of redemption expired September 3, the plaintiff must demand the property in order to maintain trover. If no sufficient notice of foreclosure was given, the plaintiff could not maintain trover before possession actually taken or demand

made, though condition had been broken. But there had been no breach of condition before action brought; for N. R. Hapgood had never suffered loss in consequence of having indorsed mortgagor's notes. If plaintiff might be substituted to the place of mortgagee, there would still be no breach of condition till August 22; the notice of July 3 was void, and trover would not lie till after demand made on defendants. *Strickland* v. *Barrett*, 20 Pick. 415.

BIGELOW, J. The plaintiff claimed title to the property in dispute in the present case, as assignee of a mortgage, bearing date May 21, 1850, made to secure the payment of a note for $625, payable on demand with interest, and a foreclosure of said mortgage, in pursuance of *St.* 1843, *c.* 72, § 1, by a written notice dated July 3, 1850, and duly recorded in the city clerk's office of the city of Worcester. The legal rights of the parties under this mortgage are clear and indisputable. The note described in the mortgage, being payable on demand, was due presently, and the condition of the mortgage was broken immediately. No demand was necessary upon the promisor to constitute such breach. He was liable to a suit on the note, without demand, as soon as the note was made. *Field* v. *Nickerson*, 13 Mass. 131, 137; *Alden* v. *Lincoln*, 13 Met. 204. The mortgagee, therefore, or those claiming under him, had a right to give a notice, for the purpose of foreclosing the mortgage, according to the provision of the statute before cited, immediately after the mortgage was given. It follows, that the notice given for this purpose, on the 3d day of July, 1850, about seven weeks after the date of the mortgage, being in proper form, and having been duly recorded, was effectual to foreclose the mortgage in sixty days after that date. On the second day of September, the title to the property would, under the statute, become absolute in the mortgagee. It would seem quite plain then, if the mortgage and note were valid between the original parties, and were duly assigned to the plaintiff, and have never been paid or satisfied, that his title to the property under the mortgage had become absolute, and that he is well entitled to maintain this action. The defendants seek to avoid this conclusion by offering evidence to

prove that the note and mortgage were given as security to the mortgagee, for his liability as indorser upon two notes of hand, payable in three months from May 22, 1850; and thereupon contend that there was no breach of the condition of the mortgage until said two notes had become due, to wit, on the 25th day of August following, and consequently, that the notice of foreclosure given by the plaintiff on the third day of July, 1850, being before any breach of the condition, was inoperative and void. In other words, the defendants attempt to engraft on the mortgage by parol a wholly different condition from that which is written in the mortgage itself; that is, evidence is offered by them for the purpose of showing that the condition of the mortgage was to secure the mortgagee for a liability maturing in three months, instead of a debt due and payable on demand. This is a manifest attempt to evade the well-settled rule of law, that written contracts cannot be varied or changed by parol. Parties having reduced their contracts to writing, must abide by them, and cannot be permitted to escape from them, by resorting to the uncertainty and vagueness of parol proof. Besides; it is obvious that the very purpose of making the note which was secured by the mortgage, payable on demand, instead of on three months, when the liability of the mortgagee as indorser on the two notes would mature, might have been to enable the mortgagee to take immediate steps for his security by an earlier foreclosure, if, before the notes which he had indorsed became due, he should deem it necessary so to do.

It is hardly necessary to add that this case would present itself in a different aspect, if the question to be tried related to the consideration of the note secured by the mortgage, or its validity in the hands of the present plaintiff. It is always competent for a party to show by parol the consideration of a note, for the purpose of proving its original invalidity, a subsequent failure of consideration, or payment and satisfaction of the note. All these questions will still be open to the defendants in another trial. But the evidence at the former trial was offered and admitted for a very different purpose; it was for the purpose of showing that there was no foreclosure of

the mortgage, by proving that the condition written in the mortgage was not the real contract between the parties, but a wholly distinct and different one. For this purpose it was clearly inadmissible, and the ruling of the court founded upon it was erroneous. This being the single point presented by the bill of exceptions, we have confined ourselves strictly to a decision upon it; leaving the other questions, which were discussed by counsel at the argument, to be decided, if it shall become necessary, after another trial.

*Exceptions sustained.*