ALFRED NOXON *vs.* THOMAS L. DE WOLF & another.

In an action by an indorsee against the maker of a negotiable promissory note, indorsed by the payee in blank, to which the defence is failure of consideration, the presumption is that it was transferred to the plaintiff on the day of its date, unless the defendant shows that the note was indorsed after maturity, or remained the property of the payee after the indorsement.

In an action by an indorsee against the maker of a negotiable promissory note, payable at a future day, and indorsed in blank by the payee, the judge refused to instruct the jury that "the burden of proof, the evidence being contradictory, was on the plaintiff to show that the note was discounted by him before it became due;" and instructed them that "if the plaintiff discounted the notes before they were due, and for a valuable consideration, in good faith, he was entitled to recover," and that "the presumption from the notes themselves was that they were indorsed on the day of their date; and if they were shown to have been in the hands of the payee after that time and before they were due, the presumption continued that the indorsement was made after the time when they were thus shown to be in the hands of the payee, and before they were due; and if the evidence left it in doubt, the burden of proof was on the defendant to show that the notes were passed to the plaintiff after they were due, or that they remained the property of the payee." The defendant did not specifically except to this instruction, nor call the attention of the court to the distinction between *prima facie* evidence and changing the burden of proof. *Held*, that he had no ground of exception.

In an action by the indorsee against the maker of a negotiable promissory note, the testimony of a bookkeeper who examined the plaintiff's books at a time not shown to have been after the indorsement, that the books showed that all the payee's notes had been sent to the indorsee for collection, but he could not say the note in suit was enumerated among those sent, is inadmissible for the plaintiff.

ACTION OF CONTRACT by an indorsee against the makers of the following promissory note:

"Boston, October 18, 1853. Fourteen months after date we promise to pay the Hudson River Marine and Fire Insurance Company or order, for value received, three hundred and thirty dollars $\frac{50}{100}$, payable at Tremont Bank, Boston.

"Thomas L. De Wolf & Co."

At the trial in the superior court of Suffolk at March term 1856, before *Nelson*, C. J., the defendants relied upon the fact that the note was a premium note, given by them for a policy of insurance on a vessel for one year, with liberty to cancel the policy, paying a *pro rata* premium, if the vessel should be sold within the year, which was done, and a proportion only of the premium therefor was due.

The defendants also offered evidence that, before the note became due, a loss to an amount exceeding the sums payable on the note, happened to another vessel on which they had insurance at the same office. It was admitted that the plaintiff took the note with knowledge that it was a premium note; but there was no evidence of any knowledge on his part of the terms of the contract of insurance, or of the cancelling of the policy, or of the loss.

The presiding judge ruled, that if the plaintiff discounted the notes before they were due, and for a valuable consideration, in good faith, he was entitled to recover.

The plaintiff offered evidence that he discounted the notes on the 21st of February 1854, before they became due. The defendants offered evidence to show that the notes were in the possession of the insurance company till the 15th of February, and that the company stopped business on the 21st; and then offered the testimony of a book-keeper that he had thoroughly examined the books of the company on the 26th of February 1855, and that it appeared on their books that all their premium notes were left with the plaintiff for collection, but he could not say that these two notes were entered among them. The presiding judge excluded the testimony.

Upon the evidence the defendants argued to the jury that the

notes were not discounted by the plaintiff, but were left for col-
lection ; and contended that the burden of proof, the evidence
being contradictory, was on the plaintiff, to show that the notes
were discounted by him before they became due; and argued
that the bookkeeper's testimony was not entitled to credit.
The residue of the bill of exceptions was as follows :

" The presiding judge in his charge left to the jury the single
question, whether the notes were discounted by the plaintiff
before they were due, in good faith, without notice; and in-
structed them that the presumption from the notes themselves
was that they were indorsed on the day of their date; and that
if they were shown to have been in the hands of the insurance
company after that time, the presumption continued that the
indorsement was made after the time when they were thus
shown to be in the hands of the insurance company, and before
they were due; and if the evidence left it in doubt, the burden
of proof was on the defendant to show that the notes were
passed to the plaintiff after they were due, or that they re-
mained the property of the insurance company.

." The jury found a verdict for the plaintiff, and the defendants
excepted to the instructions and rulings of the court."

*C. W. Loring*, for the defendant.   1. The judge erred in rul-
ing that the burden of proof was on the defendants to show that
the notes remained the property of the payees or were passed after
they were due.  *Burnham* v. *Allen*, 1 Gray, 496.  *Delano* v.
*Bartlett*, 6 Cush. 364.   The defendants, having contended and
expressly requested the judge to rule that the law was other-
wise, were not bound to except specifically to his ruling before
verdict.  *Buckland* v. *Charlemont*, 3 Pick. 173.

2. The bookkeeper's testimony should have been admitted.
The acts of the insurance company might be proved by its
records ; and those not being within the compulsory jurisdiction
of the court, secondary evidence of their contents was admissi-
ble.  *Boyle* v. *Wiseman*, 11 Exch. 360.  *Doe* v. *Ross*, 7 M. &
W. 102.  *Brown* v. *Wood*, 19 Missouri, 475.  The books were
competent to show that the corporation had not authorized
the notes to be indorsed to the plaintiff for discount.  An-

gell & Ames on Corp. § 680. *Union Bank* v. *Knapp*, 3 Pick. 96.

*P. W. Chandler & G. O. Shattuck*, for the plaintiff.

DEWEY, J. 1. The plaintiff sues as indorsee of a negotiable promissory note, payable at fourteen months after date, and proves the execution of the note by the maker, and an indorse-ment duly made by the payee, without any written date. The defence set up by the maker as to a part of the note is, that it ought not to be enforced, because the consideration was the receipt from the payee of a policy of insurance which was sub-sequently cancelled in part by agreement of the parties, thereby reducing the sum that ought to be paid thereon ; and as to the residue, that before the note became due, an indebtedness to a greater amount from the payee to the maker had arisen by rea-son of a loss on another policy on a different vessel.

The plaintiff denies the right of the maker to interpose this defence as against an indorsee, holding the note duly indorsed in the manner this was ; and contends that before such defence can be made available, the defendant must show that the note was overdue when it was indorsed ; and such was the ruling of the court before which the case was tried.

No doubt, in a suit between the original parties to a promis-sory note, when the defence is want of consideration, the burden of proof is on the plaintiff. But the words " value re-ceived " make a *prima facie* case, sufficient to sustain that bur-den until it is overcome by other evidence put into the case. The cases of *Burnham* v. *Allen*, 1 Gray, 496, and *Delano* v. *Bartlett*, 6 Cush. 364, cited by the defendants, were between the original parties. But the party who executes a negotiable promissory note, payable at a future day, assumes towards an indorsee a very different relation from that which he bears to the payee himself while holding the note. Such defence of a failure in part of consideration, and an indebtedness to the maker by the payee, accruing before the maturity of the note, is only open to the maker upon the fact appearing that the note was negotiated after it was due, or in other words, was a dishonored note. Otherwise, the indorsee may well rely upon showing a nego-

tiable note duly indorsed by the payee without date. If nothing more is shown, the plaintiff may enforce it as a note indorsed antecedently to its becoming due.

Thus it was held in *Hendricks* v. *Judah*, 1 Johns. 319, in an action by an indorsee of a promissory note against the maker, the latter will not be allowed to prove a set-off against the original payee, unless he · previously shows that the note was transferred after it became due, or for the purpose of defrauding the maker. Such was the ruling of Spencer, J. at the trial, which was confirmed by the full court.

In *Webster* v. *Lee*, 5 Mass. 334, where, in an action by an indorsee against the maker of a promissory note, the defendant set up in defence a submission of all demands, including this note, to referees, a report and judgment thereon, it was held by the court that it was not the duty of the plaintiff, an indorsee by a blank indorsement, to show that he purchased the same before the articles of submission were made. Parsons, C. J. says, in that case, " if the maker of the note would set up the defence of payment, it is necessary for him to prove that the payment was made before the indorsement, or his defence will fail him."

In *Stevens* v. *Bruce*, 21 Pick. 193, which was an action by indorsee against maker, and the defence set up was payment to the payee, Morton, J. on the trial ruled that the defendant must first prove that the note was overdue before it was indorsed. In the consideration of the case by the full court, this ruling was assumed to be correct, and the only point of controversy was whether the defendant had introduced sufficient evidence to warrant the jury in finding that fact.

In the case of *Ranger* v. *Cary*, 1 Met. 369, the point seems to have been directly before this court, and the rule stated to be that " a negotiable note being offered in evidence, duly indorsed, the legal presumption is that such indorsement was made at the date of the note, or at least antecedently to its becoming due ; and if the defendant would avail himself of any defence that would be open to him only in case the note were negotiated after it was dishonored, it is incumbent on him to show that the indorsement was in fact made after the note was overdue."

The earlier case of *Wilbour* v. *Turner*, 5 Pick. 526, and the later one of *Hilton* v. *Smith*, 5 Gray, 400, seem to have recognized the same principle.

In *Parkin* v. *Moon*, 7 Car. & P. 408, it was held by Baron Alderson, that the burden of proving that the note was indorsed after it was overdue was upon the defendant, where he sought to defend by showing such facts as would constitute a good defence to a dishonored note; and this ruling, being submitted to the other judges, was confirmed by them.

It may be that under the more precisely accurate use of the term "burden of proof," as now held by the court, it would have been more correct to say that upon the production by the holder of a negotiable promissory note, indorsed in blank, the legal presumption is that it was indorsed at its date, and it is incumbent on the defendants to overcome that presumption by evidence. This must have been so understood in the present case, as the plaintiff had already produced a note thus indorsed, and the question was upon the effect of the testimony offered to show the fact that it was indorsed after overdue. Upon such a state of the case, it was the duty of the defendants to offer sufficient evidence to control the legal presumption arising from the indorsement of the note. In this sense the burden was on the defendants.

2. The exclusion of the testimony of the bookkeeper was correct. Without considering the broader question of the competency of evidence to show that, upon an examination of the books of a corporation, the witness did, or did not, find certain facts to be indicated by the books, it is sufficient to say that it does not appear that the entries testified of were made while the party making them had possession of the note now in controversy. Declarations of one who has been the holder of a bill of exchange or promissory note cannot properly be received in evidence, unless made while the party has possession of the bill or note. *Pocock* v. *Billing*, 2 Bing. 269, and 9 Moore, 499. *Bond* v. *Fitzpatrick*, 4 Gray, 91, and 8 Gray, 538.

It is also to be remarked that the witness says he cannot state that this note was among those entered upon the books

of the corporation as lodged with the bank for collection. The proposed evidence fails to establish any declaration of the company on their books that they had left this note with the bank or collection. *Exceptions overruled.*