WILLIAM GOODWIN *versus* RUFUS DAVENPORT.

A note indorsed and delivered when over due, is to be treated, as between indorser and indorsee, as a note on demand, dated at the time of the transfer, so far as demand and notice are concerned.

What is a "reasonable" time in which to demand payment, is to be determined by the circumstances of each case.

Where a note over due was transferred on the twentieth day of September, and demand made and notice given on the thirteenth day of October following, it was within a reasonable time.

Evidence that a note was indorsed before it was due, and years before the transfer, and merely for the purpose of enabling an agent to negotiate or collect it, and not with the intent of being holden as indorser, cannot affect the rights of the party to whom it was subsequently sold and delivered. As between him and the indorser, the indorsement must be deemed to have been made at the time of the transfer.

Evidence that the parties to the transfer agreed, at the time of the transfer, that the indorser should not be personally liable on the note, is inadmissible as contradicting or varying the written contract.

Although the indorser did not understand the legal effect of his acts, he is nevertheless bound by them.

ON REPORT of the case by APPLETON, J., April term, 1860.

This was an action of ASSUMPSIT against the defendant as indorser of three notes of hand, dated March 31, 1853, signed by one Thompson Sleeper, for one hundred dollars and interest, each, payable to the defendant or order, in three, four and five years respectively from their date, and indorsed by the defendant.

It was in evidence that, on the twentieth day of September, 1858, the defendant sold and delivered to the plaintiff the notes, all being then over due, and assigned to him a mortgage of land in Milford, by which the notes were secured, taking in payment certain personal property. The notes were indorsed in blank by the defendant. On the thirteenth day of October, 1858, the notes were presented at the Norombega Bank in Bangor, in banking hours, and payment demanded and refused. On the same day, the notes were presented to Sleeper, in Oldtown, for payment, and he refused to pay; and, in the evening, the plaintiff notified the defendant of Sleeper's refusal, and that he would look to him for payment of the notes, and this was the first intimation the plaintiff had ever given to the defendant that he would look to him for payment.

The defendant testified, that he indorsed the notes in February, 1856, when about going to California, not intending thereby to make himself liable on them, but to enable his agent to manage and collect them. He further testified, that when negotiating with the plaintiff for the sale of the notes and mortgage to him, that he repeatedly told the plaintiff that he would not pay the notes, and that he must look to the mortgaged premises for payment, and advised him to foreclose the mortgage, as the notes could not be collected.

On the evidence reported, the full Court is to enter judg-

ment by nonsuit or default, according to the legal rights of the parties.

*H. M. Plaisted*, for the plaintiff.

The notes in suit were indorsed to the plaintiff by the defendant, after their maturity. The indorsement of a negotiable note, after its maturity, is a new and independent contract between the immediate parties. It is, in substance, a bill drawn by the indorser upon the maker, payable on demand; and, in order to hold the indorser, there must be a demand and notice within a reasonable time. What is a reasonable time is a question of law, to be determined by the circumstances of each case; there is no certain time. 3 Kent, 92.

Eleven, eight, and even six months, have been held, in this State or Massachusetts, to be *unreasonable* time. So seven days, one month, six weeks and two months, have been held to be reasonable. In 7 Taunt., 159, "so long as the convenience of the holder might require," was held a reasonable time. 21 Pick. 267; *Romeyn* v. *Casey*, 1 Met. 374; *Rice* v. *Wesson*, 11 Met. 400; *Sanborn* v. *Southard*, 25 Maine, 409. In *Brooks* v. *Mitchell*, 9 M. & Welsby, 15, a note on demand, *with interest*, was held not to be over due, after more than a year had elapsed. *Wesley* v. *Andrews*, 3 Hill, 582.

In this case, the maker lived some 15 miles from the plaintiff's residence, and only 23 days intervened between the transfer and demand. The notes were on interest.

It would seem, then, that the demand and notice were within a reasonable time.

If the defendant's testimony was admissible, no defence would be made out. The notes and interest amounted at the time of sale to $426; the property sold to the defendant by the plaintiff to $435, according to the bill. Would any sane man have parted with property to that amount, for notes and mortgage of property he had never seen, without responsible indorsement? But the testimony, to prove that the defendant was not to be liable on his indorsement, was inadmissible, as

tending to contradict a written contract by parol. *Crocker* v. *Getchell*, 23 Maine, 392; 25 Maine, 410; 8 Maine, 213; 14 Maine, 335; 18 Maine, 103 and 146; 9 Pick., 550; 8 Johns., 148.

*F. A. Wilson*, for the defendant.

Parol testimony is admissible to prove a distinct bargain between the plaintiff and the defendant, that the latter was not to be liable on his indorsement:—1. Because it is only by implication of law that an indorser is holden. The rule excluding parol evidence to alter or explain written contracts does not apply to those implied by operation of law. *Susqu. B. B. Co.* v. *Evans*, 4 Wash., 480.

Parol agreements and declarations on the faith of which an instrument was executed, may be given in evidence to control the use to be made of it. *Miller* v. *Henderson*, 10 S. & R., 290; *Hain* v. *Kalbach*, 14 S. & R., 159; *Leibert* v. *Grew*, 6 Wharton, 404; *Rhodes* v. *Risley*, N. Chipman, 84; 1 D. Chipman, 52.

2. The indorsement in blank is only part of the contract, and parol testimony may be introduced to show the entire contract. The plaintiff has not produced all of the written contract, the assignment of the mortgage being part of it. 1 Greenl. on Ev., 281, a; *Lewis* v. *Gray*, 1 Mass., 297; *Lapham* v. *Whipple*, 8 Met., 59; *Taylor* v. *Weld*, 5 Mass., 109.

3. The indorsement is alleged to have been made after maturity of the notes, and, being a promise without date, parol testimony is admissible to prove when made. *Loft* v. *Stanley*, 5 Adolph. & Ellis, 474.

4. By reason of fraud practised by the party seeking the remedy upon the adverse party. 1 Greenl. on Ev., 284, a, and cases there cited; *Larrabee* v. *Fairbanks*, 24 Maine, 363.

*Finally*,— The plaintiff did not use due diligence in making demand on the maker of the note. There is no stated or certain time in which demand must be made; but what is a "reasonable" time must depend on the circumstances of

each case.   In *Seaver* v. *Lincoln*, 1 Pick., 266, where seven days was held to be a reasonable time, it was seven days after the date of the note, not after the transfer.   The notes were indorsed four years before the transfer, and the indorser was not notified of their non-payment at their maturity.   Hence, the burden is on the plaintiff to show a new promise.   *Hunt* v. *Wadleigh*, 26 Maine, 271.

A bargain between indorser and indorsee, written or oral, that the indorser shall not be sued, is available against the same indorsee.   Parsons' Merc. Law, 124, and cases cited. Such a bargain is proved by the defendant.

The opinion of the Court was drawn up by

RICE, J. — The plaintiff claims as indorsee of three promissory notes, signed by one Sleeper, and made payable to the defendant or his order.   The notes were indorsed by the defendant in blank, and delivered to the plaintiff after they were over due, in exchange for certain articles of personal property.   Twenty-three days after the delivery of the notes, plaintiff made a demand on the maker for payment, which was refused, and the defendant was notified of the refusal the same day.

To charge an indorser on a note negotiated after it is over due, demand must be made upon the maker and notice given to the indorser, within a reasonable time after indorsement. *Rice* v. *Wesson*, 11 Met., 400; *Sanbourn* v. *Southard*, 25 Maine, 409.

As between indorser and indorsee, such note is to be treated as a note on demand, dated at the time of the transfer, so far as demand and notice are concerned.

There is no precise time when a note payable on demand is deemed to be dishonored.   *Lossee* v. *Dunklin*, 7 Johns., 70.

Where a note payable on demand is indorsed within a reasonable time after its date, it is held in the United States that the indorsee has all the rights of an indorsee receiving a negotiable instrument before it becomes due.   But if not

indorsed within a reasonable time, it will be considered as over due and dishonored. Bailey on Bills, 134.

What is such reasonable time, has not been precisely settled; though it is clear that such a note is to be considered as over due and dishonored in a year, or even eight or nine months after its date; but not over due a few days after its date. *Ibid.*, 136.

What is a reasonable time, is matter of law, to be decided by the Court. *Field* v. *Nickerson*, 13 Mass., 131; *Freeman* v. *Haskin*, 2 Cains, 368.

In *Field* v. *Nickerson*, the period of eight months was held not to be within a reasonable time in which to make demand to charge an indorser; while in *Hendricks* v. *Judah*, 1 Johns., 319, it was held that a note, on demand, drawn in England, and put in suit within one year from its date, was not dishonored.

In *Carlton* v. *Bailey*, 7 Fost., N. H., 230, it was decided, that a note payable on demand is presumed to be dishonored after seven months and seventeen days, and in *Freeman* v. *Haskin*, 2 Cains, 368, the same result followed in eighteen months; and in *Ranger* v. *Cary & al.*, 1 Met., 369, such a note was held not to be dishonored at the end of one month.

In England the rule would seem to be not to treat a note payable on demand as dishonored until a demand of payment and refusal. *Barough* v. *White*, 4 B. & C. 325.

Cases are numerous in which this question has, in one form or another been before the Courts, and wherein attempts have been made to establish some definite and tangible rule by which to determine when this class of paper is to be deemed dishonored. The question has been raised on almost every conceivable period of time, from "a few days" to eighteen months; but the precise number of days, weeks or months even, which will constitute a "reasonable time," has never been, although a question of law, judicially determined, but is made to depend upon *circumstances* as variable and uncertain as are the transactions and characters of men;

and finally to be determined by the discretion, not to say, caprice of the Court.

Judge Shaw well remarks, in *Seaver* v. *Lincoln*, 21 Pick., 267, "that one of the most difficult questions presented for the decision of a Court of law is, what shall be deemed a reasonable time within which to demand payment of the maker of a note payable on demand, in order to charge the indorser. It depends upon so many circumstances to determine what is a reasonable time, in a particular case, that one decision goes but little way in establishing a precedent for another."

For the purpose of establishing with some degree of certainty, a legal latitude and longitude for this fugacious rule, by which to determine when a note payable on demand may be said to be over due and dishonored, the Legislature of Massachusetts, in 1839, c. 121, § 2, provides that a demand made on any such note within sixty days of its date, without grace, shall be deemed to have been made within a reasonable time.

Similar legislative action, in this State, would relieve the Courts from a class of questions, which, under the conflicting authorities, presents much embarrassment, and would also be of much practical benefit to the business community.

In *Sanbourn* v. *Southard*, 25 Maine, 409, the note in suit was indorsed after it was over due. The indorsement was in blank, and was made on the last of January or first of February, 1839. Demand was made about, or a little past, the middle of March, next following the indorsement, and payment refused, and notice given to the defendant the same day. The Court would not say that the demand and notice were not within a reasonable time.

In view of all the authorities, a few of which only have been cited, we are of the opinion, that the demand and notice in this case were made and given within a reasonable time.

. The defendant offered parol evidence to show that the indorsement was made by him upon the notes several years

before they were transferred to the plaintiff, and before they were due, to enable his agent to collect or negotiate them for him, while he was absent in California, and that, by thus indorsing them, he did not intend to render himself personally liable as indorser. Such evidence, if admissible, would not avail the defendant in this case. With that indorsement, the plaintiff was in no wise connected, nor is it material for what purpose it was made., So far as these parties are concerned, the transfer took place at the date of the delivery of the notes, and the indorsement, as between them, must be deemed to have been made at the time.

The defendant also proposed to show, by parol, that at the time of the transfer it was agreed between the parties that he should not be personally liable on the notes. This testimony was objected to, as contradicting or varying the legal contract evidenced by the indorsement in writing. Such would be the effect of the proposed testimony, and, for that purpose, it is inadmissible. *Sanbourn* v. *Southard*, 25 Maine, 409; *Crocker* v. *Getchell*, 23 Maine, 392; *Fuller* v. *McDonald*, 8 Maine, 213.

The evidence offered does not disclose any such fraudulent practices on the part of the plaintiff, as will in any way affect his rights as presented by the written contract between the parties. If the defendant did not understand the legal effect of his acts, it was his misfortune or his fault. However that may be, he is bound by them. A default must be entered according to the provision of the report.

TENNEY, C. J., and APPLETON, CUTTING, MAY, and KENT, JJ., concurred.