Kent, Ch. J.
delivered the opinion of the court. The two objections to this plea, which require consideration, are, 1. That the plaintiff being an innocent endorsee without notice, is not affected by the transactions which took place between Buckle and the defendant; 2. That there is no venue in that part of the plea, alleging the time when the note was negotiated. As to the first, it is a general rule, that a note payable on demand must be presented for payment within a reasonable time, or it will be considered as a note out of time, and dishonored. Chitty, 114,. 146.(a) *372 Wbat is a reasonable time is a question of law, if tbe facts be agreed on. Tindal v. Brown, 1 D. & E. 168. In tbe present case we are to assume it as a fact, tbat the note was not negotiated to tbe plaintiff until after tbe first of January, 1795 ; or near eighteen months from tbe period when it was given. This fact is averred in tbe plea, and of course admitted by tbe demurrer. . This lapse of time must clearly be considered as placing tbe note in the situation of one dúe, and dishonored, and as imposing on tbe endorsee tbe same risk. No person of common prudence will take such a note without inquiry concerning tbe occasion of its being so long outstanding, and it is in-umbent on him to satisfy himself tbat it is good. He takes it on tbe credit of tbe person from whom be receives it. Tbe case of Banks v. Colwell, cited in 3 D. & E., is in point. Tbe judge in that case allowed the maker to impeach tbe consideration as being a note negotiated after it was due, and sufficiently suspicious to throw tbe risk on tbe endorsee. This decision bf Buller, J. was cited and sanctioned by tbe court of K. B. in tbe case of Brown v. Davies, 3 D. & E. 80. If the defendant here be allowed to set up tbe same defence as be would have done if Buckle was tbe defendant, tbe facts stated in tbe plea constitute a valid defence. They are embraced by tbe decision of this court, in tbe case of Seaman v. Haskin, January term, 1801, in which a plea, containing the same facts in substance was held good. It was there determined, that as a cestuy que trust, bad affirmed tbe trust, accepted the judgment in satisfaction of his debt, and exercised the power of it by charging tbe defendant in execution, and afterwards discharging him, the assent of the trustees was to be intended. On the second point, that the want *of a venue, in that part of the plea which avers the time of the endorsement, is a defect in substance, and bad on demurrer, without being specially assigned, we are of opinion it is, in the present case, but matter of form; because the plea cannot vary from the place in the declaration, when the nature of the defence does not otherwise require it. 3 Lev. 113 ; Oom. Dig. tit. Pleader, E. 4. As the defendant must, therefore, have followed the venue of the plaintiff, it appears to me it can only be matter of form, and is not essential to the right of the case, on which depends the distinction between matter of form and matter of substancu Hob. 233. Judgment ought, therefore, to be for the defendant.
Hanson. We have, then, to ask leave of the court to withdraw the demurrer and take issue on the fact.
Kent, Ch. J.
Take it; for it is allowable in all cases where the demurrer is not frivolous, if applied for in the same term.
Judgment for the defendant, with leave to withdraw the demurrer and plead issuably. '

 What shall he a reasonable time depends on the circumstances oi the *372 case. Where a note payable on demand to order was made in England, and the maker removed to this state, it was held that a transfer and action brought within a year was not such a lapse of time as place the instrument in the situation of a dishonored note. Hendricks v. Judah, 1 Johns. Rep. 319. But where a note was drawn in this state payable to bearer on demand, and negotiated two months and a half after its date, the period was ruled sufficient to let in the equities of the maker against the payee, as a defenco to an action by the endorsee. Losee v. Dunkin, 1 Johns. Rep. 70.