LOSEE *against* DUNKIN.

Where a note payable on *demand*, was negotiated two months and a half after its date; in a suit by the holder against the maker, he was allowed to show payment to the original payee, before the transfer of the note to the plaintiff.

There is no precise time at which such a note is to be deemed dishonoured; but it must depend on the circumstances of the case, and the situation of the parties.

IN error, from the court of common pleas of *Duchess* county.

The suit below was an action of *assumpsit* on a promissory note given by the defendant to *David Newton*, payable, on demand, to *Newton*, or bearer, for the sum of 55 dollars, with interest, and dated the 16th day of *January*, 1805. An assignment in writing from *Newton* to the plaintiff, dated *April* 3, 1805, was endorsed on the note. The declaration was in the usual form, on the note. Plea, *non assumpsit*.

The defendant proved, that shortly after the date of the assignment he paid *Newton* 50 dollars, which he agreed to credit on the note.

The plaintiff's counsel contended, that this evidence was inadmissible, on the issue of *non assumpsit;* but the court ruled, that it should be admitted; and the jury found a verdict for the plaintiff for six dollars and seventy-five cents; and judgment was given for the plaintiff for that sum, and for the defendant, for the costs.

The case was submitted to the court, without argument.

*Per Curiam.* The note was payable on demand, and negotiated upwards of two months and a half after it was given. The first question that naturally arises is, whether this is to be considered as a note negotiated after it was due, so as to let in the defence. There is no precise time at which such a note is to be deemed dishonoured. In *Furman* v. *Haskin*, (2 *Caines*, 369.) a note payable on demand, and negotiated eighteen months after it was given, was considered as a note out of time, so as to subject the endorsee to the matter of defence

existing when it was endorsed. On the other hand, in
*Hendricks* v. *Judah*, (1 *Johns. Rep.* 319.) the note was
payable on demand, and drawn in *England*, and was put
in suit in this state by the endorsee within a year from
its date, and the court said that the maker was not enti-
tled, in that case, to a set-off of demands against the
payee, without proof of a fraudulent assignment, for it
was to be presumed that the note was assigned soon
after its date. The demand must be made in reasonable
time, and that will depend upon the circumstances of
the case, and the situation of the parties. There are no
particulars peculiar to this case disclosed; and the court
cannot say that it was erroneous to let in the defence;
for the circumstances of this case might have been such
as to justify the conclusion that the note was dishonoured
when it was assigned.

Assuming this to have been the case, there is no doubt
but that the defendant might give in evidence, under the
general issue, payment to the original payee before the
endorsement. (*Brown* v. *Davis*, 3 *Term Rep.* 80. *Brown*
v. *Cornish*, 1 Ld. *Raym.* 217.) If the payment was in
full discharge of the note, it would go in bar of the suit;
and if it was not a payment in full, it will go only in
mitigation of damages.

The judgment below must therefore be affirmed.

Judgment affirmed.