UTICA,
August, 1829.

Van Hoesen
v.
Van Alstyne.

## VAN HOESEN vs. VAN ALSTYNE.

ERROR from the Columbia common pleas. Van Alstyne sued Van Hoesen in a justice's court, and *declared* for a horse sold and delivered, and also for the amount of a note of $25, made by Samuel Cooley, junior, to the defendant, dated the 10th December, 1819, endorsed by the defendant, for a valuable consideration to the plaintiff; the note having been duly presented for payment to the maker, and notice of non-payment given to the defendant. The defendant *pleaded* the general issue, and also to the first count of the declaration, that at the time of the sale and delivery of the horse, the defendant made and delivered to the plaintiff a promissory note for $55, the price of the horse, and afterwards, on the 1st of November, 1822, paid to the plaintiff, $25, part thereof, and for the residue delivered to him Cooley's note endorsed by him, which the plaintiff received and give up the defendant's note. That the plaintiff did not subsequently present Cooley's note for payment, nor give notice of non-payment to the defendant. The plaintiff *replied*, that he did present the note to Cooley and give notice of non-payment, whereof he put himself upon the country; and for further answer said, that Cooley, at the time of the transfer of the note and afterwards, was insolvent and unable to pay the same; that the defendant represented him to be solvent and knew him to be otherwise, and thus induced the plaintiff to take the note, concluding with a verification. The defendant demurred because there were two replications to one plea; because by the replication two issues were tendered; because new matter was alleged amounting to a departure; and because the replication sought to join a cause of action in fraud, with a cause of action in assumpsit. The plaintiff joined, and the justice overruled the demurrer. A trial was subsequently had before

A demurrer may be interposed to pleadings in *justice's courts,* in which case the pleadings must be tested by the same rules which govern in other courts.

It is error in a court of common pleas to refuse to decide questions of law pertinent to a case on trial, upon which a decision is asked by one of the parties.

A demand of payment within three or four weeks after the transfer of a note, over-due when transferred, and notice of non-payment within two or three months after such demand, *it seems,* is sufficient to charge the endorser, where from the facts of the case it is manifest that an immediate demand and notice was not contemplated. The sufficiency of notice of non-payment to an endorser, when the facts are conceded, is a question of law to be decided by the court, and not to be submitted to a jury.

UTICA,
August, 1829.

Van Hoesen
v.
Van Alstyne.

the justice, who gave judgment for the plaintiff for $32,54.

The defendant appealed to the Columbia common pleas, who also gave judgment for the plaintiff on the demurrer. On the trial of the other issue the following facts appeared : That the plaintiff, in November, 1822, sold a horse to the defendant for the price of $50, for which the defendant gave him his note; that sometime after the sale of the horse, the particular time not being proved, the defendant paid the plaintiff $25, and endorsed to him a note made by Samuel Cooley, junior, for the sum of $25, bearing date in December, 1819, and took up his own note; that three or four weeks after the transfer of the note, the plaintiff demanded payment of Cooley, who denied his indebtedness, and in the last of the winter of 1823, the plaintiff gave notice of non-payment to the defendant. The plaintiff then offered to prove that the defendant, at the time of the transfer of the note, fraudulently represented Cooley to be solvent, or fraudulently concealed his insolvency. To the admission of this evidence the defendant objected, but the court received it. The plaintiff then proved, that at the time of the transfer, the defendant represented Cooley to be good; that in answer to an observation of the plaintiff, that he did not know any thing about his circumstances, and if Cooley did not pay, the defendant must, the defendant answered that Cooley would get into business again and would pay the note. It was proved that on the 15th March, 1822, Cooley obtained a discharge of his person as an insolvent debtor; that in 1822 he resided in Hudson, and was not worth a shilling; and that the defendant also resided in Hudson. The plaintiff resided seven miles from Hudson. Cooley was his nephew.

The counsel for the defendant called upon the court to determine, 1. Whether the plaintiff had a right to shew fraud in the transfer of the note; 2. Whether a demand of payment of Cooley and notice of non-payment was necessary to entitle the plaintiff to recover; 3. And if so, whether a demand was duly made, and notice given in time to charge the defendant. The court said they would respond to these questions in their charge to the jury; in which they submit-

ted to the jury the question of fraud, telling them that if they believed fraud to have been established, it would be for them to determine whether a demand of payment of Cooley's note and notice of non-payment were necessary to have been shewn; and if necessary, then to determine whether the demand and notice set up were sufficient. The counsel for the defendant excepted to the charge. The jury found a verdict for the plaintiff, on which judgment was entered. The defendant sued out a writ of error.

UTICA,
August, 1829.

Van Hoesen
v.
Van Alstyne.

*H. P. Hunt*, for plaintiff in error. The causes of demurrer assigned are fully supported by the authorities. (1 Chitty's Pl. 617, 618, 625. 3 Johns. R. 315.) A demurrer may be interposed in a justice's court. (14 Johns. R. 369. 2 Cowen, 437.)

The second plea, being equivalent to the general issue, was objectionable, but the objection could be urged only by special demurrer. (1 Chitty, 497.)

Cooley's note being over-due when transferred, must be considered as payable on demand. The plaintiff was bound to make demand and give notice within a reasonable time. He permitted three or four months to elapse. (2 Caines, 343. 9 Johns. R. 121. 1 Cowen, 407. 7 id. 705.) The known insolvency of the maker is no excuse for not making demand and giving notice. Whatever discrepancy exists on this subject in the English cases, there is none in the cases decided in our courts. (4 Cranch, 161. 2 Heywood, 45. 2 Conn. R. 126. 3 Johns. C. 5.) The necessity and sufficiency of notice was a question of law, and ought not to have been submitted to the jury. Nor ought the question of fraud to have been submitted to them; it was not in issue and not inquirable into in the action of assumpsit. (7 Cowen, 708. 1 Johns. R. 502.)

*A. Vanderpoel*, for defendant in error. Most of the special causes of demurrer relate to form, and are cured by the general provision of the statute, requiring pleading in justices' courts to be liberally construed, without regard to established forms or technical rules, and with a view to substantial justice between the parties. (Statutes, vol. 6, p. 296 c.) The

UTICA,
August, 1829.

Van Hoesen
v.
Van Alstyne.

objection to the replication for duplicity is strictly technical. The plea, however, is bad, in not averring that the note of Cooley was accepted in satisfaction of the original debt; and the defendant committing the first error, the plaintiff was entitled to judgment.

The demand and notice were sufficient. There is no precise time in which a demand must be made in a case like this. Each case must be regulated by its peculiar circumstances. (1 Cowen, 408.) The insolvency of the maker of the note, accounts for the delay; and that insolvency existing at the time of the endorsement, notice of non-payment was not necessary. It is only where the insolvency happens subsequent to the transfer, that the party is not excused from giving notice. (2 H. Black. 336, 609. 4 Cranch, 164. 9 Mass. R. 208. 11 Johns. R. 182.) A verdict will not be set aside because a question of law was submitted to a jury. if the jury decided correctly.

*By the Court*, SAVAGE, Ch. J. Justice seems to have been done in this case, and it is to be regretted that it was not done *secundem artem*. The thirty eighth section of the act of 1824 directs the common pleas, upon appeal, to render judgment as the very right of the case shall appear, without regard to the previous trial had thereon; and they are required to construe the pleadings with a view to substantial justice between the parties : but that has been adjudged to mean justice according to law. It is true, that the pleadings in justices' courts are viewed with great liberality; but the parties before the justice may object to the pleadings, and then the rules applicable in other courts must govern. The replication here is bad for duplicity. A replication may traverse as many facts in the plea as constitute one point; but here the plaintiff tenders an issue to the country upon one distinct fact, and then avers certain other facts in answer to another part of the plea, and concludes with a verification. It is said the plea is bad ; but if so, it is bad only in form not in substance. I am therefore of opinion that the justice and the common pleas both erred in overruling the demurrer.

The common pleas also erred in not deciding the questions raised on the trial; as they were pertinent. They erred, al-

so, in directing the jury to pass upon the sufficiency of the notice. That is a question of law were the facts are conceded and should have been decided by the court. (*Sice* v. *Cunningham*, 1 Cowen, 408.) The note having been transferred long after it was due, is to be considered as a note payable on demand; and the demand and notice must be made in a reasonable time. What is a reasonable time, depends on the circumstances of the case. From the remark of the defendant below, that Cooley would get into business again and pay, it is evident an immediate demand and notice was not contemplated. The demand was in fact made within a few weeks, and notice given within two or three months. I am inclined to think this was sufficient, under the circumstances of the case, to charge the endorser. The result is right, but the means by which that result was obtained were erroneous. The judgment, therefore, must be reversed, and a venire de novo awarded to Columbia common pleas.