By the Court, Parker, J.
Since the decisions of the su- - preme court and the late court for the correction of errors, in Nellis v. Clark, (20 Wend. 24; 4 Hill, 424,) it has been regarded as established law iri this state, that when property is s<?ld for the purpose of defrauding creditors, no action by the payee will lie on a note given to secure the payment of the consideration money. Such contract is illegal and void by statute and at common law. When it is executed, it is binding upon the parties, though void as to creditors; and no action lies by one party against the other to recover back money paid, or property delivered under such a contract. When it is executory, the law will not enforce its performance, nor give damages for a breach of it. Ex turpi contractu non oritur actio. In both cases the law leaves the parties to the fraud where it finds them, and applies the maxim, potior est conditio defendentis.
The note in suit was not made until- about three years after *371 the execution of the bond and mortgage; and it is claimed that this lapse of time, the delivering up of the first writing and taking the note in its place, and including in it about $300 of other indebtedness, gave the transaction such a new character as will support it, notwithstanding the illegality of the previous arrangement. But here was no new consideration. The $1300 was included in the note, if not in pursuance of the previous agreement, at least in furtherance of its object. It was the intention of the parties by executing the mortgage, to save to John A. Dedriek the avails of the mortgage, instead of giving the money or property to his creditors. This could be done only in two ways. We must suppose that John Dedriek was, in due time to cancel the bond and mortgage, or to receive the money on it, and pay it over to John A. Dedriek. He received the money, and promised by the note to pay it over. To compel him to keep that promise, or to pay for its violation, would be to recognize as valid, the original illegal and fraudulent contract. It is only when there is a new consideration, and where the agreement sought to be enforced, is not a part of, or a necessary or natural consequence of the prior illegal contract, that the court will sustain an action upon it. Such a distinction will be found to have existed in Hamilton v. Canfield, (2 Hall’s Rep. 526,) and the other cases relied on by the plaintiff’s counsel. (Armstrong v. Toler, 11 Wheat. 258, and cases there cited.)
It did not validate the note to include in it $300 of honest indebtedness. On the contrary, the rule of law is, that where part of one entire contract is void, the whole is void. (Crawford v. Morrell, 8 John. 253. Van Alstyne v. Wimple, 5 Cowen, 162. Story on Prom. Notes, 209, § 190. Robinson v. Bland, 2 Burr. 1077. Bayley on Bills, 514. Scott v. Gilmer, 3 Taunt. 226. Chit. on Bills, 114. 5 Barr, 542. 5 New Hamp. Rep. 196. 6 Id. 225.) John A. Dedriek can still sue for the original consideration of the $300 included in the note, but the plaintiff has no legal claim for it.
I think the defense was admissible against the plaintiff. Two years and three months had elapsed, after the note was made, before it was transferred to the plaintiff. After so great *372 a lapse of time the plaintiff was honnd to consider it, when he took it, as oyer due and dishonored paper, and subject to any defense that existed between the original parties. (Van Hoesen v. Van Alstyne, 3 Wend. 75. Chit. on Bills, 412. 2 Caines, 369. 7 John. 70. 3 Term Rep. 80. 1 Cowen, 397. 13 Mass. Rep. 131. 3 Cowen, 662. 10 Wend. 304.)
I think the justice decided correctly at the circuit, and that the judgment should be affirmed.