### DAVID HAWKINS v. N. H. BARNEY.

*Agent. Demand and notice when the paper is not negotiable.*

By an arrangement between the plaintiff and defendant and one B., who was the defendant's general agent in the manufacture of chairs, B. had the right of paying his indebtedness to the plaintiff in chairs, from the defendant's factory. He paid a part of said indebtedness, in chairs, and for the remainder gave, as agent of the defendant, an order upon one S., payable in cabinet ware, under the supposition that he could pay for the cabinet ware in chairs. Previous to this, the plaintiff inquired of the defendant if B. might give said order, to which the defendant replied that he would agree to whatever bargain B. made. *Held*, that the defendant was bound by the act of B. in drawing the order, and was liable for its non-acceptance by S.

A demand of payment and notice of the non-payment of an order, which is not negotiable, or designed for commercial purposes, is sufficient at any time for the purpose of holding the drawer, if he has sustained no injury in consequence of the demand or notice not having been earlier.

ASSUMPSIT against the defendant as the drawer of an order, of which the following is a copy:

"Arlington, January 28, 1853. Mr. J. Surdam,—Please pay
"David Hawkins one hundred dollars in cabinet ware, and oblige
"N. H. BARNEY.
"N. H. BATCHELDER, Agent."

It appeared that, previous to the drawing of said order, the defendant was engaged in manufacturing chairs, and employed N. H. Batchelder as his general agent to transact the business connected therewith. Said Batchelder was indebted to the plaintiff upon a promissory note, payable in money, in the sum of $141.86, and it had been arranged between them and the defendant that the said Batchelder might pay this note in chairs from the defendant's factory; and in pursuance of that arrangement he had paid a small part of it in chairs, and had given the plaintiff an order on Surdam for seventy-five dollars, payable in cabinet ware, which he signed with the name of the defendant by himself as agent. It was agreed at the time this order was received that if it was not accepted it was to be returned; and no application was made of it on the note. The plaintiff took up, at Surdam's shop, about ten dollars worth of cabinet ware, which was applied on the $75.00 order: and on the 28th of January he gave up to Batchelder that order and received from him the $100.00 order above set forth, to apply on the note, and agreed to take the remainder of the note in chairs. It did not appear that said Batchelder had any further authority to draw this

order, than his general agency in transacting the business connected with the chair manufacturing business, and the fact that the defendant had agreed that he might pay the plaintiff's note in chairs; but Batchelder supposed that he could make a turn with Surdam and have the chairs pay for the cabinet ware,—and it appeared that the plaintiff called on the defendant and inquired of him if Batchelder might give the $100.00 order on Surdam, to which the defendant replied that, whatever bargain Batchelder made, he would agree to.

The plaintiff presented the order to Surdam three times, the first of which was within a week after he received it; Surdam refused to accept it because he supposed he should thereby make himself liable to pay it in ware from his shop, that he had paid cash for, instead of that manufactured by himself. After Surdam had refused to accept the order, .the plaintiff sent his note to Batchelder to be cancelled, the balance over $100.00 having been paid in chairs, previous to which, no application of the order on the note had been made. The defendant was notified that Surdam would not accept the order, the latter part of March or the fore part of April, 1853, but it did not appear that he received any injury on account of not having received earlier notice, or on account of the demand on Surdam not having been sooner made.

Upon the foregoing facts, which were found and reported by a referee, who also reported that the amount due on the order, if the plaintiff was entitled to recover, was $107.50, the county court, June Term, 1854,—PIERPOINT, J., presiding,—rendered judgment for the defendant. Exceptions by the plaintiff.

*N. B. Hall* for the plaintiff.

*H. Canfield* for the defendant.

The opinion of the court was delivered by

ISHAM, J. We have no doubt that the defendant is bound by the act of Batchelder, in drawing this order on Mr. Surdam, and that he was properly constituted his agent for that purpose. It is stated in the report that, at the time and previous to the execution of this order, Batchelder was in the employment of the defendant, as his general agent, in manufacturing chairs; that the order was

drawn under a mutual arrangement made between the plaintiff, Mr. Batchelder, and the defendant, and that when the plaintiff inquired of the defendant whether Mr. Batchelder could draw this order, he replied that, he would agree to any arrangement that should be made between them. Upon these facts, we think it is not competent for the defendant to deny the authority of Batchelder to draw this order, as his agent, or his liability upon it. The defendant is estopped, by his agreement to be bound by any arrangement, to that effect, that should be made by the parties, from making any such defense, as upon the faith of that declaration the order was drawn and accepted by the plaintiff in payment towards his claim against Batchelder.

This order was obviously given upon a sufficient consideration to render the defendant liable upon it. It appears from the report that, Batchelder was indebted to the plaintiff on note, in the sum of $142.86, and that this order was given and received as payment, and the balance of the note was to be paid from his shop. That balance has been paid, and the note against Batchelder has been given up to him. It is quite immaterial that, Batchelder supposed he could pay the order to Mr. Surdam in chairs from the defendant's shop; that was a matter and a risk he assumed, and which in no way affects the right of the plaintiff. The defendant having paid that debt, by this order, has a claim against Batchelder for the amount in money. The plaintiff also has paid a consideration for it: for, whether he had given up the note against Batchelder or not, the acceptance of this order, under that agreement, was a payment on the note to that amount, and would be available as a defense. The only security which the plaintiff now has, for the note he held against Batchelder, is this order of the defendant. The agreement in relation to the seventy-five dollar order, that it should be returned if not accepted, has no effect upon the order now in suit. The referee has found the fact that, when the order for seventy-five dollars was given up, this order was received under an agreement to apply it on the note, and the balance of it was to be paid from the defendant's shop. This finding of the referee disposes of all objections of that character. We are unable to see how any serious question can arise on this part of the case.

Hawkins v. Barney.

We are also satisfied that, the defendant is not discharged from his liability by the neglect of the plaintiff in not sooner having demanded payment of the order, and giving notice to him of its non-payment. The fact is found in the case that the defendant has not sustained any loss or injury in consequence of not having received earlier notice of its non-payment, nor by reason of the demand not having sooner been made. If this had been a negotiable instrument, and subject to the rules governing bills of exchange or negotiable notes, a demand upon the drawee should have been made the day it fell due, and notice of its non-payment have been given, with due dilligence, to the defendant. 1 Peters 578. 1 Am. Lead. Cas. 396. In such cases, whether the demand and notice is sufficient is a question of law. But that principle does not apply to cases of this character, nor to any paper not negotiable, and which was not designed for commercial purposes. In such cases, the demand and notice is sufficient, if the party has sustained no injury in consequence of the demand and notice not having sooner been made and given. The same rule applies to a guarantor, when a demand and notice is necessary to fix his liability on his guaranty. *Sandford* v. *Norton*, 14 Vt. 233. *Vreeland* v. *Hyde*, 2 Hall's 429. *Van Hoesen* v. *Van Alstyne*, 3 Wend. 75. *Fry* v. *Hill*, 7 Taunt. 397. *Shute* v. *Robbins*, 3 Car. & P. 80, 3 Kent's Com. 123. This was formerly the rule in relation to bills and other commercial paper; but the doctrine has been since qualified, and it is now held otherwise in relation to negotiable bills and notes. Chitty on Bills, 403. 6 East. 3, and note. The former rule, however, has never been altered in relation to paper of this character.

The judgment of the county court is reversed, and judgment is rendered for the plaintiff.