JULES VANTROT *v.* JACOB McCULLOCH AND WILLIAM McINTOSH.

The holder of a bill of exchange payable on demand, when he seeks to charge the drawer, is bound to show it to have been presented for payment within a reasonable time, or that the drawer has sustained no injury by the delay.

What is a reasonable time within which the presentment should have been made, is a question of law for the court, to be determined by the circumstances of each particular case.

A bill of exchange, drawn at Wellesville, Ohio, on parties in New York, was retained

Vantrot v. McCulloch.

by the payee nine or ten days before being sent on for presentment. When presented, the drawees having failed two days previous, payment was refused.

*Held,* that the delay was unreasonable, no special circumstances being shown to excuse it, and the drawers were therefore discharged.

APPEAL from a judgment of the District Court for the first judicial district. The action was brought on a draft or bill of exchange, drawn by defendants at Wellesville, Ohio, in favor of the plaintiff, a resident of Ohio, on Atwood & Co. of New York. It appeared that the plaintiff had retained the bill some nine or ten days before sending it on to be presented. It was finally presented to the drawees, but they had failed two days before the presentment, and payment was therefore refused. The justice rendered judgment for the plaintiff, and defendants appealed.

The principal question discussed on the appeal was, whether there had been such a delay in the presentment of the draft as would discharge the drawers.

*William Stanley,* for the appellant.

The plaintiff has been guilty of laches, and has thereby made the check his own. He should have forwarded it to his correspondent in New York the day after he received it, at furthest; and it should have been presented to the drawees the day after it arrived in New York, at the furthest. The authorities are uniform to this effect. *Buckingham* v. *Gower,* Holt. N. P. 313, n.; *Maule* v. *Brown,* 4 Bingh. N. R. 266; *Alexander* v. *Burckfield,* 7 Mann. & Gr. 1061; *Mohawk Bank* v. *Broderick,* 10 Wend. 304; 13 id. 133; *Gough* v. *Staats,* 13 Wend. 549; *Smith* v. *Janes,* 20 Wend. 192; *Veazie Bank* v. *Winn,* 40 Maine, 60; Byles on Bills, (7 ed.), 18.

*Lyman Abbott,* for the respondent. The following cases fully sustain the justice in his holding that the plaintiff had not delayed an unreasonable time in presenting the bill. *Aymar* v. *Beers,* 7 Cow. 705; *Vreeland* v. *Hall,* 2 Hall, 429; *Robinson* v. *Ames,* 20 Johns. 146; *Gowen* v. *Jackson,* 20 Johns. 176; *Brower* v. *Jones,* 3 Johns. 230; *Sice* v. *Cunningham,* 1 Cow. 397; *Mohawk Bank* v. *Broderick,* 10 Wend. 304.

By the Court, HILTON, J.—The defendants are sued as drawers of a draft or bill of exchange, dated August 14, 1857, at Wellesville, in the state of Ohio, upon Atwood & Co. of this city, payable on demand to the order of the plaintiff, by whom it appears to have been retained nine or ten days, and then sent on by him for collection. It was presented to the drawees for payment on August 31st, and payment refused, they having failed and stopped payment on the 29th, with more than sufficient funds of the drawers in their hands to pay it, had it been presented prior to their failure. Both parties reside in Ohio, about 400 miles distant from this city, and between which and their respective places of residence there is a daily mail.

Upon these facts the justice of the first district gave judgment for the plaintiff, and the defendants appeal on the ground that they are discharged from liability upon the draft by the unreasonable delay of the plaintiff in presenting it for payment.

By an inspection of the indorsements upon the bill, it might be presumed, in the absence of any evidence upon the point, that it had been negotiated by the plaintiff before presentation; but any such presumption seems to be repelled by the proof that the plaintiff had forwarded it for collection.

The object for which the bill was drawn or purchased, or the condition of the plaintiff at the time of its purchase, or since, does not appear, nor is any explanation given, or excusing circumstances disclosed, in respect to the delay in demanding payment, and therefore the naked question presented for our determination is, whether there has been such an unreasonable delay on the part of the plaintiff in demanding payment, as, when unexplained, should exonerate the defendants from liability?

It has long been settled law, that a holder of a bill payable on demand, when he seeks to charge the drawer, is bound to show it to have been presented for payment within a reasonable time, or that the drawer has sustained no injury by the delay. Story on Bills, § 325; Kyd on Bills, 120; Bayley on Bills, 220; Byles on Bills, 152; 3 Kent's Com. 91; Parsons' Mer. Law, 90; Edwards on Prom. Notes, 392; *Commercial Bank* v. *Hughes*, 17

Wend. 94; *Mohawk Bank* v. *Broderick*, 10 id. 304; *Little* v. *The Phœnix Bank*, 2 Hill, 425; *S. C. affirmed*, 7 id. 359; *Kelley* v. *Mayor of Brooklyn*, 4 id. 263; *Fry* v. *Hill*, 7 Taunton, 396; *Robinson* v. *Hawksford*, 9 Adol. & Ellis, 52. And what is a reasonable time within which the presentment should have been made, is, whenever the point arises, a question of law for the court, to be determined by the circumstances of each particular case. *Furman* v. *Haskin*, 2 Caines, 369; *Robinson* v. *Ames*, 20 John. 146; *Gowan* v. *Jackson*, id. 176; *Sice* v. *Cunningham*, 1 Cowen, 397; *Aymar* v. *Beers*, 7 id. 705; *Vreeland* v. *Hyde*, 2 Hall S. C. R. 429; *Harker* v. *Anderson*, 21 Wend. 372; Edwards on Bills and Notes, 391.

Here the plaintiff has shown no excusing circumstances whatever for his delay in not making the demand prior to the failure of the drawees, which occurred fifteen days after he received the bill, affording a space of time much more than sufficient or necessary to have had it forwarded to this city and presented for payment. The delay was therefore unreasonable, and the defendants should not be held responsible for the consequences of such unexcused neglect. By it they were exonerated from liability, and the judgment of the justice was erroneous.

Judgment reversed.