## HERRICK *vs.* WOOLVERTON.

Where a promissory note, payable on demand with interest, was transferred to the plaintiff, a *bona fide* holder, nearly three months after its date; *Held* that it was not to be deemed dishonored at the time of the transfer, so as to let in a defense existing in favor of the maker, against the payee.

Such a note is a continuing security, and is not due without an actual demand; nor can it be treated as dishonored, until it has in fact been presented and payment refused.

A note payable on demand, with interest, is not due until demanded; and hence cannot draw interest until that time, or until a suit is brought, which the law regards as equivalent to a demand.

MOTION for a new trial on exceptions ordered to be heard in the first instance at a general term. The promissory note upon which the action was brought was made by the defendant on the 9th of February, 1861, for $1500, payable to the order of H. D. Hawkins, and by him immediately, on the same day, indorsed and delivered to Jonathan R. Herrick. The note was payable *on demand,* with interest, and was held by Jonathan R. Herrick, the original holder or indorsee, on or about the 28th of April, or first of May, 1861, when it was transferred by him to his brother, Delaus W. Herrick, the plaintiff. There was no proof of notice to the plaintiff of any defense to the note before its transfer.

All the parties—the plaintiff, defendant, Hawkins and Jonathan W. Herrick — were, at the time, merchants, doing business in Broadway, in the city of Albany.

The question of fact litigated at the trial was whether the note, as between the original parties to it, was or was not without consideration; or, to be more specific, whether the note in suit was given as the defendant claimed, as a mere memorandum by way of security for *the return* of fifty shares of the capital stock of the Bank of Albany, *borrowed* by the defendant from Jonathan R. Herrick, or as claimed by the plaintiff, given as security for *the payment* of said fifty shares of stock *purchased* of Herrick by the defendant. The defendant claimed the transaction was a mere loan, to secure the return of which, the note was made: the plaintiff, that it was a sale, and the note given to secure the purchase price. Upon this issue the evidence was conflicting. The jury found the issue of fact in favor of the defendant; that the transaction was a mere loan, and the note was made as a memorandum by way of security for the return of the stock, and for no other purpose. The court charged the jury, among other things, that the note in suit having been given nearly three months before it was transferred to the plaintiff, and all the parties living in the same street, doing business with each other, it was notice to the purchaser to inquire as

to the note, and if he failed to make such inquiry, the note was open to any defense existing between the original parties. To which the plaintiff's counsel excepted. The counsel for the plaintiff asked the court to charge, that the note being payable on demand, with interest, it was a continuing security, and did not become due until an actual demand was made. The court refused so to charge, and the plaintiff's counsel excepted. These two exceptions raised the only question, and that was a question of law. The plaintiff made and served a bill of exceptions, which was duly settled and ordered to be heard in the first instance at the general term.

*J. K. Porter,* for the defendant.

*C. B. Cochran,* for the plaintiff.

*By the Court,* MILLER, J. The question presented in this case is, whether a promissory note payable on demand with interest, made and dated nearly three months before it was transferred to a third party, and in the hands of a *bona fide* holder, is open to any defense existing between the original parties.

The authorities are not entirely harmonious as to the precise time when a negotiable note, payable on demand with interest, shall be deemed dishonored, so as to let in a defense of the original maker against a third person to whom it has been negotiated. Until very recently, at least, there appears to have been a most inconvenient uncertainty as to the rule of law applicable to this question. (*See Merritt* v. *Todd,* 23 *N. Y. Rep.* 28.) In the case above cited, all the cases in this state, bearing upon the question now under consideration, were reviewed and discussed, and it is quite apparent that the course of decision has not been entirely satisfactory.

In order to understand the point presented, an examination of the authorities upon the subject is important. In *Fur-*

*man* v. *Haskin*, (2 *Caines*, 369,) some eighteen months had elapsed after the date of the note when it was transferred, and it was held that it was not dishonored, and was subject to any defense of the maker. The period of time which had elapsed was far greater than in the case at bar, and it did not appear that the note bore interest, which in some subsequent cases which I shall have occasion to examine, was considered a circumstance of considerable weight in deciding the question raised. This case cannot, therefore, be considered as by any means controlling.

In *Hendricks* v. *Judah*, (1 *John.* 319,) the action was brought by the indorser of the note against the maker within a year after its date, the note being payable on demand. It did not appear when it was transferred, and it was held that the maker would not be allowed to prove a set-off against the original payee unless he previously showed that the note had been transferred for a fraudulent purpose or at a *later period*, at least than was to be presumed from the facts which appeared. The question now made was not distinctly presented, and the decision of the case was put upon a ground which did not precisely involve that question. But even if the point there decided is applicable, a whole year had elapsed from the date of the note until the bringing of the suit.

In the case of *Losee* v. *Lunkin*, (7 *John.* 70,) the note was payable on demand with interest, and negotiated two and one half months after its date. In a suit by the holder against the maker, the latter was allowed to show payment to the original payee, before the transfer of the note to the plaintiff; and the court held that there is no precise time in which such a note is to be deemed dishonored, but it must depend on the circumstances of the case and the situation of the parties.

In *Sice* v. *Cunningham*, (1 *Cowen*, 397,) which was an action against an indorser upon a note payable on demand, it was held that the demand must be within a reasonable time,

and that the indorser was discharged by a delay of five months in demanding payment of the maker; that both parties living in the same city the delay was unreasonable. It does not distinctly appear in this case that the note bore interest.

The foregoing cases comprise all to which we have been referred to sustain the defendant's theory; and with but two cases of a later period, which I shall have occasion to consider, all the authorities in this state upon the question under discussion.

It will be observed, that with the single exception of *Losee* v. *Dunkin*, (7 *John.* 70,) the time which the note had run, was considerably longer than in the case at bar. One of them, *Sice* v. *Cunningham*, was against an indorser, and one or more of them did not bear interest. While some of them may be considered, perhaps, as sanctioning the doctrine that where a note is payable on demand with interest, and remains over due for any considerable period of time, the holder is liable to any defense which the maker had against it, while in the hands of the first holder, yet they by no means settle the principle here involved, and we must look further to learn and determine what the law actually is.

In *Wethey* v. *Andrews*, (3 *Hill*, 582,) a later case, the note was payable on demand with interest, and was shown to have been transferred to the plaintiff four or five weeks after its date. It was held not to be deemed dishonored so as to let in the defense of a want of consideration. Cowen J. who delivered the opinion, considered the fact that the note was on interest, a very important circumstance, and as having a material bearing upon the question. He says: "No one would understand the parties to intend that these words meant interest for a few weeks only; nor would the payee or purchaser of a note ordinarily desire to take it on the terms of a payment so soon." He cites the case of *Barough* v. *White*, (6 *Dowl. & Ryl.* 379,) remarking that "all the judges concurred expressly in saying that such a note cannot

be considered as dishonored till it is demanded and payment refused ; and they put themselves on its being a continuing note upon its face."

In the case referred to from 6 *Dowl. & Ryl.* Bailey, J. held that the note being payable on demand, with interest, it imported that it was not the intention of the makers that it should be promptly paid, but that it should lie in the hands of the payee, or of such persons as should have it, for a valuable consideration, until either he or his indorsee should think fit to call for payment, or until the maker should find out who the holder was and require him to receive payment. Holroyd J. said: "If a person takes a note payable at a particular time, and that time is past at the period when he receives it, he takes it at his own risk. But when a note is made payable on demand with interest, that imports it is to continue negotiable until it is presented for payment." Littledale, J. said: "A promissory note, payable on demand with interest, is to be considered as a continuing security, and cannot be treated as dishonored until it has in fact been presented and dishonored." The doctrine laid down, that a note payable on demand is a continuing security, as I have already shown, is fully indorsed by Justice Cowen in *Wethey* v. *Andrews*, (3 *Hill*, 582,) and that case is an authority on the precise point to be determined here. The principle there decided is in every respect applicable. It is the latest case reported which is precisely analogous to the present, and I think must be considered as overruling all of the cases that preceded it which may be regarded as holding a contrary doctrine. It has a direct and immediate bearing upon the question now considered; and unless the rule there sanctioned has been changed by some subsequent decision, must be held to be decisive, and as a binding authority.

In *Merritt* v. *Todd*, (23 *N. Y. Rep.* 28,) it was held that a promissory note payable on demand with interest, is a continuing security, and an indorser remains liable only until

an actual demand, and the holder is not chargeable for neglect to make such demand within any particular time. The action was against the indorser, and the note bore interest. No demand was made and notice given until three years and eight months after the transfer of the note. The decision in this case must be considered as overruling all the previous authorities in conflict with the doctrine it upholds.

The learned chief justice (Comstock) in his opinion, cites with approbation the case of *Wethey* v. *Andrews;* and although the suit was against an indorser, yet the principle discussed tends very much to sustain the doctrine that the note in a case like the present is a continuing security. After discussing the rule in reference to notes which do not bear interest, he says : "But whatever may be the rule where the security is not on interest, we think that a note payable on demand with interest is a continuing security, from which none of the parties are discharged until it is dishonored by an actual presentment and refusal to pay."

It is true that the chief justice, in his opinion, subsequently remarks that the question there presented is not identical with one which arises where, after the transfer of such a note, the maker seeks to introduce a defense against the original holder ; and he considers that the lapse of time or non-payment of interest, after the regular period or periods had passed, might be sufficient to put the purchaser on inquiry, or to justify a presumption that the instrument was actually dishonored ; yet he by no means disturbs the general principle previously enunciated, and there are no features, no leading characteristic or circumstance connected with the case under consideration, which would bring it within the distinction referred to. There is no such lapse of time, and no non-payment of interest, which would make it an exception to the general rule laid down, or render that rule inapplicable.

As the question whether the note bore interest is evidently of considerable importance, it may be well in this connection to notice that it was urged upon the argument that

the note, being payable on demand, drew interest from date, even if it had not been payable with interest. I understand the rule to be entirely different. Such a note is not due until demanded, and hence cannot draw interest until that time, or until a suit is brought, which the law regards as equivalent to a demand. The right to interest rests upon the default of the debtor. (*Renss. Glass Factory* v. *Reid,* 5 *Cowen,* 587. *People* v. *County of New York, id.* 331.) Nor is interest payable before the principal on which it accrues, unless it is specially so agreed. (*French* v. *Kennedy,* 7 *Barb.* 452.) Here there was no default, nor was the principal due until a demand had been made. If a note or bill be payable on demand, without being expressed for payment of interest, interest is payable from the time of demand. (*Chit. on Bills,* 664.)

The note only drew interest because it so provided; and if it had been otherwise, no interest would have accrued upon it until a demand was made.

Upon the whole, I am of opinion that in the case before us, the note being payable on demand with interest, and having run less than three months at the time of its transfer, was a continuing security, and was not due without an actual demand. And the judge at the circuit erred in his charge, as well as in refusing to charge as requested.

In arriving at this conclusion we simply uphold the principle adjudicated in 3 *Hill,* 382, and in 23 *N. Y. Rep.* 28. I am better satisfied with such a result, because I think that a different conclusion would only add perplexity to the application of a rule already much confounded in a class of cases where uniformity is of vast importance, and where a rule of law once settled should be firmly observed and adhered to. This conclusion renders it unnecessary to discuss the other points raised.

New trial granted, with costs to abide the event.

[ALBANY GENERAL TERM, March 7, 1864. *Peckham, Ingalls* and *Miller,* Justices.]