LYDIA HIRST *vs.* JOHN BROOKS *et al.*

Upon a promissory note payable on demand, the statute of limitations begins to run from the date, and not from the time of the demand of payment.

No actual demand of payment of such a note, of the maker, is necessary, before bringing an action upon it. The bringing of the action is a sufficient demand to entitle the plaintiff to recover.

And the statute of limitations properly begins to run from the day the holder may sue upon the note.

The decisions in *Herrick* v. *Woolverton,* (42 *Barb.* 50;) *Scovil* v. *Scovil,* (45 *id.* 517,) and the remarks of Brown, J. in *Payne* v. *Slate,* (39 *Barb.* 634,) so far as they are applicable to the question in this case, disapproved.

THIS action was brought upon two promissory notes made by the defendants, and payable to the plaintiff on demand, with interest. One was dated November 17, 1841, and the other February 28, 1842. The action was commenced in May, 1866. Interest was paid and indorsed on the notes in February, 1844; but no interest or principal was subsequently paid on either note; and no actual demand of payment of the notes was made of the defendants (who made the notes) until just previous to the time the action was commenced. The defense to the action was the statute of limitations. The action was tried before a referee, who overruled the defense, and decided that the plaintiff was entitled to recover the amount due upon the notes, viz. $535.99,

Hirst *v.* Brooks.

for which sum judgment was entered, with costs, in favor of the plaintiff, in the office of the clerk of Otsego county. The defendants appealed from the judgment to the general term of this court.

*Sturges & Countryman,* for the plaintiff.

*Bremer & Card,* for the defendants.

*By the Court,* BALCOM, J. The question in this case is whether the statute of limitations commenced to run on the notes, upon which the action is founded, at the time interest was paid on the notes, in February, 1844, or not until the plaintiff actually demanded payment of the notes of the defendants, just previous to the time the action was commenced, in 1866. A period exceeding twenty years elapsed between the date of the payment of interest upon the notes and the time the plaintiff demanded payment of the same of the defendants, in 1866; during which period nothing was paid upon the notes, and no request to pay them was made of the defendants, and no promise was made by them to pay the same, or any part thereof. The notes were made by the defendants, and were payable to Lydia Hirst, (the plaintiff,) with lawful interest from the dates thereof. They were, in legal parlance, promissory notes, payable on demand, with interest.

The rule was well settled before we commenced reading law, and has since remained unaltered, that no actual demand of payment of such a note, of the maker, is necessary before bringing an action upon it; and that the bringing of the action on such a note is a sufficient demand to entitle the plaintiff to recover. (*See Haxtun* v. *Bishop,* 3 *Wend.* 13; *Burnham* v. *Allen,* 1 *Gray,* 496; *Story, on Prom. N.* 5th ed. § 207; *Chitty on Bills,* 12th Am. ed. from 9th Lond. ed. p. 646.)

Prior to the decision of this court and of the Court of

Appeals, in *Payne* v. *Slate,* (39 *Barb.* 634 ; 29 *N. Y. Rep.* 146,) or at least before the decision of the latter court, in *Merritt* v. *Todd,* (23 *N. Y. Rep.* 28,) the rule laid down by Chitty, as to the time the statute of limitations begins to run upon promissory notes, payable on demand, was followed by the courts in this country as well as in England. This is the language of *Chitty,* viz : "With respect to promissory notes payable on demand, it has been held that the statute runs from the date of the note, and not from the time of the demand." (*Chitty on Bills, ed. above mentioned, p.* 685.) He cites several ancient authorities in support of this rule. And the same rule has been held in the following cases : *Little* v. *Blunt,* (9 *Pick.* 488 ;) *Smith* v. *Bythewood,* (*Rice,* 245 ;) *Norton* v. *Ellam,* (2 *Mees. & Welsb.* 461 ;) *Presbrey* v. *Williams,* (15 *Mass. Rep.* 193 ;) *Codman* v. *Rogers,* (10 *Pick.* 112 ;) *Easton* v. *Long,* (1 *Missouri Rep.* 662 ;) *Ruff* v. *Bull,* (7 *Harr. & John.* 14 ;) *Peaslee* v. *Breed,* (10 *New Hamp. Rep.* 489 ; *Larason* v. *Lambert,* (7 *Halsted,* 247.) *Parsons* says : "The limitation begins to run, therefore, not from the date, but from the time when the note, being due, may be sued. *If payable on demand, it runs from date ;* but if payable on demand, and not delivered until a subsequent period, the day of the delivery is that on which the true making was completed, and from that day the statute runs." (2 *Parsons on Notes and Bills,* , 641 *to* 643.) In a note on page 643, *Parsons* also says : "It (the statute) runs from the date, and not from demand, because, as we have elsewhere observed, a demand is not an essential prerequisite to bringing suit upon a note on demand. A note on demand is equivalent to a note payable "this day of date." He cites numerous authorities that sustain the doctrine asserted by him. But it is unnecessary to refer to any of them.

The decision of the Court of Appeals, in *Howland* v. *Edmonds,* (24 *N. Y. Rep.* 307,) supports the rule that the statute of limitations begins to run upon a note, payable on demand,

Hirst *v.* Brooks.

from the date and not from the time of the demand of payment.

There was no question respecting the statute of limitations, in *Merritt* v. *Todd*, (23 *N. Y. Rep.* 28.) The note in that case was payable on demand, with interest, and it was indorsed. The court held that the holder might, three years after the date of the note, demand payment thereof of the maker and give notice to the indorser of non-payment by the maker, so as to charge the indorser. The most sensible construction of that case is, that such a note may be protested at any time within six years after its date, so as to charge the indorser with its payment if the maker neglects to pay it when it is actually demanded of him. But it would be unreasonable to construe the holding in that case to mean that the indorser could be made liable to pay such a note, by protesting it more than six years after its date, when an action against the maker on it is barred by the statute of limitations. All that was said, in conflict with these views, in *Payne* v. *Gardiner*, (29 *N. Y. Rep.* 146,) was unnecessary for the proper determination of that case. That case was brought to recover a sum of money that had been deposited with the defendants, and for which they gave the plaintiffs' testator, a paper, signed by them, acknowledging the receipt of the money, and stating that the same was to the testator's credit on their books, at six per cent interest. The court held there was no right of action against the defendants *as depositaries*, until the money was actually demanded of them. That principle was decisive of the case. The statute of limitations could not run in the case from the time the money was deposited with the defendants, for the reason that they could not be sued for it until it was actually demanded of them.

The statute of limitations has always been supposed to commence running from the time the owner of an obligation may sue upon it. And as the owner of a promissory note, payable on demand with or without interest, may bring an

action upon it against the maker at any time, without previously making any actual demand of payment of it, the statute of limitations properly begins to run from the day the holder may sue upon it.

The decisions in *Herrick* v. *Woolverton,* (42 *Barb.* 50 ;) *Scovil* v. *Scovil,* (45 *id.* 517,) and the remarks of Justice BROWN, in *Payne* v. *Slate,* (39 *Barb.* 634,) so far as they are applicable to the question in this case, being founded upon what we are constrained to hold to be an erroneous construction of the decision of the Court of Appeals, in *Merritt* v. *Todd,* (*supra,*) we think they should not control our decision in this case.

We greatly regret to be compelled to make a decision contrary to the opinion of this court at a general term in any district, or in opposition to the views of any judge, expressed while sitting in the Court of Appeals. But our convictions are such that we should shrink from a faithful performance of duty if we did not do so, and should decide contrary to what we firmly believe will ultimately be the ruling of the Court of Appeals upon the question.

Our conclusion is that the referee in this case erred by holding that the statute of limitations was not a defense to to the action, and that such statute did not begin to run until the plaintiff actually demanded payment of the notes of the defendants.

It follows that the judgment in the action should be reversed and a new trial granted, costs to abide the event.

'[BROOME GENERAL TERM, November 19, 1867. *Mason, Baloom* and *Boardman,* Justices.]